## HENRY *v.* HAMILTON.

If a justice of the peace issue a state-warrant on an insufficient affidavit, and the party accused, on being arrested, proceed to trial before the justice without objection, the insufficiency of the affidavit will not render the proceedings *coram non judice.* And to charge a witness with swearing false on such trial is actionable.

A justice of the peace is authorized to try and sentence a person accused of disturbing a lawful assembly.

If a witness on his examination make a false statement, but afterwards correct it, so that his testimony is ultimately true, he is not guilty of perjury ; and to charge him, without qualification, with swearing false in reference to that statement, is actionable.

*Wednesday,
November 26.*

ERROR to the *Fayette* Circuit Court.

DEWEY, J.—This was an action of slander by *Hamilton* against *Henry.* The declaration alleges that, on, &c., a certain action, wherein the state was plaintiff and the defendant and others were defendants, was tried before a certain justice of the peace ; that, on the trial, the plaintiff was produced and sworn as a witness on behalf of the state, on a point material to the issue, &c.; that the defendant, in a conversation of and concerning that trial, &c., charged the plaintiff with having sworn falsely. The words alleged to have been spoken by the defendant are laid in various forms, amounting, in connection with the previous averments, to a charge of perjury against the plaintiff. The defendant pleaded three pleas: 1. The general issue ; 2. The statute of limitations ; and, 3. A justification alleging that the plaintiff, in

the action mentioned in the declaration, (which is averred to have been a prosecution for disturbing a lawful assembly,) falsely, corruptly, and wilfully, swore that the defendant threw one *Roysdon* off a bench, and knocked a candle from the hand of one *Remington;* whereas, in fact, the defendant did not throw *Roysdon* off the bench, or knock the candle from the hand of *Remington,* &c. Replication to this plea, *de injuria,* &c. Verdict and judgment for the plaintiff.

The plaintiff offered in evidence a transcript of the record of the trial before the justice of the peace alleged in the declaration; by which it appeared that one *Doddridge* made the following affidavit before the justice, "That on the night of, &c., at, &c., *John Henry* and others (naming them) did interrupt and disturb by contention, and various other ways, a lawful assembly of people, convened at, &c., for a lawful purpose," &c. It also appeared by the transcript, that the justice issued a warrant, on the affidavit, against the persons therein accused; that the accused were arrested, put themselves on final trial before the justice, and were by him tried, convicted, and fined, some in one dollar, and others in two dollars. The defendant objected to the admission of the transcript, but the objection was overruled.

The Court, on the motion of the plaintiff, instructed the jury, that, to support the plea of justification, it must appear not only that the plaintiff had sworn falsely on the trial alluded to, but that he had so sworn knowingly and corruptly in a material matter; and that if the plaintiff, in giving his evidence, " committed a mistake, or stated a falsehood, but upon reflection acknowledged he was wrong and corrected his evidence, that fact rebutted the wilful and corrupt intent necessary to constitute perjury." And, at the request of the defendant, the Court instructed the jury, " that if they believed the defendant charged the plaintiff with swearing falsely, only in such part of his testimony as he himself afterwards corrected, and admitted not to be true, such charge was not slanderous; " to which the Court added, against the consent of the defendant, " if the defendant, at the time he made the charge, stated that the plaintiff had corrected his evidence during the trial; otherwise the charge was slanderous."

The plaintiff in error contends, that the Court erred in admitting in evidence the transcript of the record of the trial before the justice of the peace, on the ground that the transcript shows, as he alleges, that the justice had no jurisdiction of the cause which he tried, and, consequently, that perjury could not be committed in giving evidence on that trial. In support of this position, it is urged in the first place, that the affidavit does not charge an offence cognizable by the justice, because it does not show for what purpose the assembly of people, therein mentioned, assembled. If it be admitted that the affidavit is too vague to require, or even to authorize, the justice to act upon it, — a question which we do not decide, — it does not follow, that after he did act upon it, and after the accused persons appeared and answered to the charge without objection, the proceedings were *coram non judice* and void. The affidavit contains a charge, in general terms, that the accused persons disturbed an assembly of people convened for a lawful purpose. This is an offence known to our law; and if those persons who were so charged chose to submit themselves to a trial, without objection to the validity of the complaint, the justice could rightfully hear evidence and examine the matter. The witnesses sworn by him were amenable to the law if they swore falsely; and it is proper that they should be protected from a charge of perjury if they testified truly.

But it is further urged, that though the justice might have the right to make a preliminary examination of the matter, with a view to the trial of the accused in a higher Court, he had no right to put them on final trial and pass sentence upon them; and that therefore the plaintiff, who is alleged in the declaration to have given evidence on the *trial*, could not be guilty of perjury. This objection is founded on a mistake of the law, as to the extent of the jurisdiction of the justice of the peace. Justices of the peace have final jurisdiction of assaults and batteries, affrays, and other breaches of the peace; and may punish persons guilty of them by fine to the amount of twenty dollars; the defendant having the right to be tried by the justice alone, or to demand a jury. R. S. 1838, p. 361.—R. S. 1843, p. 1003. The punishment for disturbing lawful assemblies is a fine of not less than one, nor

more than ten dollars. R. S. 1838, p. 218.—R. S. 1843, p.
983. The justice of the peace, therefore, acted within his
jurisdiction in the matter under consideration.

It is contended, that the Circuit Court erred in charging
the jury, that if the plaintiff when giving testimony commit-
ted a mistake, or stated a falsehood, which, on reflection, he
admitted to be wrong and corrected his evidence, the fact of
admitting his error and correcting it, rebutted the idea of cor-
rupt intention in making the mistake or untrue statement.
Had it been material to inquire into the intention with which
the false statement thus corrected was made, it would, per-
haps, have been going too far for the Court to instruct the
jury, what would or would not have rebutted such intention;
because, that would have involved a question of the weight of
evidence, of which the jury would have been the proper
judges. But the charge in question could have had no ten-
dency to influence the jury improperly, and bring them to a
wrong conclusion as to the merits of the cause; for if the false
statement was corrected, explained, or qualified by the wit-
ness, so as to make his evidence ultimately consistent with
the truth, he was not chargeable with perjury in making the
false statement. 2 Stark. Ev. 858.—2 Chitt. C. L. 312.
Indeed, the false assertion, after being explained or corrected
by the witness, formed no part of his testimony; and cannot
be brought forward to sustain a plea of justification charging
him with perjury.

It is also contended, that it was erroneous to instruct the
jury, that if the defendant charged the plaintiff with false
swearing in making a statement, which he afterwards, in the
course of his testimony, corrected and recanted, it was slan-
derous, unless the defendant also, at the same time, stated
that the plaintiff had made the correction. We perceive no
fault in this charge. It has already been seen, that a wit-
ness, who has made an erroneous statement in giving evi-
dence, but who subsequently corrected it, is not guilty of
perjury in making such statement. It must of course be slan-
derous to charge him, unqualifiedly, with false swearing in
reference to that statement. It amounts to an assertion that
the witness swore falsely to a fact not contained in his evi-
dence; for, as has been remarked, a corrected misstatement

in giving testimony forms no part of the evidence after the correction is made. It is no longer the assertion of a fact. A witness, thus circumstanced, is entitled to protection from an imputation of perjury, or an unqualified charge of false swearing.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test*, for the plaintiff.

*S. W. Parker*, for the defendant.