*C. P. Hester*, for the plaintiff.

---

## THE STATE *v.* ODELL.

An indictment alleged that the defendant being a justice of the peace, as such justice charged *A.* with committing an assault and battery on *B.* on the justice's view, without complaint on oath or affirmation having been made; that the justice verbally required *A.* to appear before him to answer the offence; that *A.* appeared without consenting to do so; that the justice thereupon, without a plea of guilty and without proof, fined him, *A.*, three dollars, and collected the fine; that the justice, in the administration and under colour of

his office, unlawfully and oppressively took cognizance of said offence, and unlawfully and oppressively rendered said judgment and collected the money, contrary to the form of the statute, &c. *Held*, that the indictment was insufficient.

ERROR to the *Daviess* Circuit Court.

SMITH, J.—The defendant, *Odell*, was indicted in the *Daviess* Circuit Court for oppression under colour of his office as a justice of the peace. The indictment was founded on the 83d section of the 53d chapter of the Revised Statutes of 1843, and alleges that on, &c., the defendant being a justice of the peace, as such charged one *Baldwin Howard* with the offence of committing an assault and battery upon one *Isaac Eaton*, upon his, the said justice's view, without complaint on oath or affirmation having been made; and that he verbally required the said *Howard* to appear before him, the said justice, to answer for said offence; that upon such requisition the said *Howard* did then and there appear without consenting so to do; and that the defendant, as such justice, thereupon rendered judgment against the said *Howard*, without the plea of guilty and without proof, and fined him three dollars, which fine the defendant collected.

A second count charges that the defendant rendered judgment and collected a fine from the said *Eaton* for an affray with the said *Howard*, in the same manner and under the same circumstances as alleged in the first count.

Both counts conclude by averring, that the defendant in the administration of and under colour of his office as a justice of the peace, unlawfully and oppressively took cognizance of said assault and battery and said affray, and unlawfully and oppressively rendered said judgments and collected and received said money, contrary to the form of the statute, &c.

On motion of the defendant's counsel, the indictment was quashed in the Circuit Court, and the state prosecutes a writ of error to reverse that decision.

The only judicial powers possessed by justices of the peace in this state, are those conferred by the statute concerning their powers and duties, and it is necessary that they should confine themselves strictly to the exercise of such powers as are therein granted; otherwise their judgments are *coram non judice* and void.

By the 1st section of the 55th chapter of the Revised Statutes of 1843, justices of the peace are made conservators of the peace in their respective counties. As such, they may apprehend all breakers of the peace and require of them recognizances to keep it, or in default of such recognizances may commit the offenders; but as such conservators they have no authority to try and punish for offences committed in their sight, although breaches of the peace may be involved.

The 2d section of the same chapter authorizes and requires the justice, on complaint made on oath, or on view without complaint, to issue his warrant and cause any person charged with the commission of any crime or breach of the law, to be arrested and brought before himself or some other justice of the peace in the same county, to answer such charge or complaint and be further dealt with according to law.

The 6th section gives to the justice jurisdiction in cases of assault and battery, affrays, and other breaches of the peace, and *on complaint in writing under oath or affirmation,* power to assess a fine not exceeding 20 dollars, &c.

There is no authority given to justices to assess fines in any other mode of proceeding in such cases, except when under the provisions of the 15th section, persons who have been guilty of an assault and battery or an affray shall voluntarily go before them and plead guilty.

Under circumstances such as are set forth in the indictment in this case, where a breach of the peace was being committed within view of the justice, he was not only authorized but required by the statute to issue his warrant and cause the offender to be brought before him, and if the offender should voluntarily appear without a warrant being issued, the same purpose would be answered, for the object of the warrant is to compel such appearance. Thus far, it is obvious, the justice is authorized by the statute to proceed upon his own view, although no complaint should be made. The offender being thus before the justice, the question is, what is next to be done? If any charge or complaint be made, the justice may proceed to trial as provided in the 6th section; but as the statute does not directly authorize the assessment of a fine unless complaint be made in writing

under oath, it may be doubted whether in the absence of such
complaint, he should proceed further than to require bail under the general powers given to him as a conservator of the peace.

It is sufficient for the purposes of the present case, however, to observe, that if the justice exceeded his jurisdiction in rendering a judgment for the fine assessed by him, any attempt to enforce it by execution or otherwise would have been a trespass; but as the indictment does not charge a malicious or wilful design on the part of the defendant to act oppressively under colour of his office, in the proceedings set forth, we do not think the facts alleged are such as to warrant a criminal prosecution under the statute.

*Per Curiam.* — The judgment is affirmed.

*C. P. Hester,* for the state.

*W. A. Gorman,* for the defendant.