May Term,
1853.
———————
BARGIS
v.
THE STATE.

———————————

## BARGIS v. THE STATE.

When a statute confers a new power on a justice of the peace, he must proceed in the mode prescribed by the statute.

An act of 1849 conferred upon justices of the peace in certain counties, exclusive jurisdiction over certain offences, and enacted that they should, "on complaint under oath, or on view, take jurisdiction of all such offences." *Held*, that the justice could not render a judgment against an offender upon confession of any such offence, except on such complaint or on view.

Friday,
May 27.

ERROR to the *Wayne* Court of Common Pleas.

DAVISON, J.—*Bargis*, on the 5th of *January*, 1853, on the complaint of one *William McDonald*, was prosecuted before the mayor of the city of *Richmond*, in said county, for winning of *McDonald* 55 dollars on the result of the vote of the state of *Pennsylvania* for president of the United States.

Plea, not guilty.  The justice gave judgment against *Bargis* for a fine and costs.  *Bargis* appealed.

In the Court of Common Pleas the cause was submitted to the Court by consent, upon a written statement of facts.  The Court found *Bargis* guilty, and assessed against him a fine.  Motion for a new trial overruled, and judgment on the finding of the Court.

The following are the facts : On the 10th of *November,* 1852, *Bargis,* for the same betting mentioned in the complaint, voluntarily appeared before *James M. Poe,* a justice of the peace for said county, at his office in *Richmond,* where the offence was committed, and made a full confession of all the facts of said betting and winning, whereupon the justice, upon such voluntary confession, and without other evidence, assessed a fine of 2 dollars and costs against him, and ordered that he stand committed until the fine and costs be paid or replevied; that said fine was assessed without complaint or information, without any view of the offence by the justice, without any warrant having been issued, and without any witnesses having been sworn.

The question presented is, had the justice jurisdiction of the cause ?

The 1st section of a statute of 1849, enacts that justices of the peace in several counties named in the act, shall have exclusive original jurisdiction in certain offences therein enumerated, and among them, the offence of gaming.

The second section of that statute is as follows : "And the said justices of the peace in said counties shall, on complaint under oath, or on view, take jurisdiction of all such offences."  Laws of 1849, p. 78.

By an act of 1850, the provisions of the statute of 1849 are extended to *Wayne* county.

The 2d section of the act referred to, prescribes the mode in which the justice shall take jurisdiction, viz., "On complaint under oath, or on view."

The record shows that before the justice there was no complaint on oath, nor was the offence committed on

view; and it is a settled principle, that when a statute confers a new power on a justice of the peace, he must proceed in the mode prescribed by the statute. *Bigelow* v. *Stearns*, 19 Johns. R. 39.

The plaintiff contends that the provision which requires a complaint under oath, was made for the benefit and protection of the defendant, and he may waive it. We are not of that opinion. The complaint is the first step in the proceedings; and is the mode in which the person of the defendant is brought within the jurisdiction of the justice.

It appears to us that the legislature did not intend that the justice should exercise the power given him, in a manner agreed on by him and the offender, and not in accordance with the statute. And it is not certain that a construction of the statute, permitting the justice to assume jurisdiction without "complaint under oath," would lead to a wholesome administration of the law. *Gold* v. *Bissel*, 1 Wend. 210.—*Low* v. *Rice*, 8 Johns. 409.—*Clayton* v. *Per Dun*, 13 *id*. 218.—8 Blackf. 396.

In our opinion, the conviction before the justice, constituted no defence to the prosecution in the Court of Common Pleas.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. Perry*, for the plaintiff.

*W. A. Bickle*, for the state.