WAKEFIELD *v.* THE STATE.

The judicial powers of justices of the peace are wholly statutory, and must be strictly pursued.

Justices of the peace, by the R. S. 1843, have not jurisdiction of riots.

ERROR to the *Bartholomew* Circuit Court.

*Saturday,
June 3.*

STUART, J.— Indictment for a riot, against *Wakefield, O'Neil, Gilbert,* and others. Plea, not guilty. Trial by jury, upon which *Wakefield,* who alone was on trial, was convicted and fined 5 dollars.

It appears by bill of exceptions, that *Wakefield* offered in evidence the transcript and proceedings had before a justice of the peace for the same identical riotous acts, whereby it appeared that there had been a trial by jury, verdict of guilty, and fine of 5 dollars, but no judgment; the justice having, on motion, discharged *Wakefield,* on the ground of want of jurisdiction.

The only question argued is, whether the justice had jurisdiction; for it is conceded on all hands that if he had, the record was in substance sufficient to show a former conviction. The jurisdiction of the magistrate is therefore the only point made and decided in the case.

Justices of the peace have jurisdiction in cases of assault and battery, affrays, and other breaches of the peace, with power to fine to the extent of 20 dollars. R. S. 1843, c. 55, s. 6. The phrase "other breaches of the peace," does not seem to mean much—certainly can not be taken to mean offences where a higher fine, accompanied with imprisonment, may be inflicted. If it has any practical meaning, it must be such offences as would be adequately punished by fine alone, and not exceeding 20 dollars. *Henry* v. *Hamilton,* 7 Blackf. 506. The 55th chapter treats "of the powers and duties of justices of the peace in criminal cases and proceedings." But, clearly, offences of the grade of riot, punishable by fine and imprisonment, were not included nor intended to be. For in c. 53, art. 2, s. 59, the offence of riot is defined, and the punishment prescribed is

a fine not exceeding 500 dollars, to which may be added imprisonment not exceeding three months. The proceeding, in such case, is by indictment, and the jurisdiction in the Circuit Court. The acts of 1848, p. 16, and of 1849, p. 78, do not enlarge the jurisdiction of magistrates so as to embrace riots, or any case involving imprisonment.

The judicial powers of these officers are wholly statutory, and must be strictly pursued. *The State* v. *Odell*, 8 Blackf. 396. In other words, the jurisdiction assumed must be clearly conferred by the statute. We think the whole tenor of the statute, the close proximity in which riot is placed with other offences not cognizable in a justice's Court, and the entire absence of the word riot in all the acts conferring this inferior criminal power, make a very strong case against the jurisdiction. This conclusion is not to be overcome by the single isolated case of assault and battery. That may be of a very low or a very high degree. But riot, in its very lowest degree, necessarily presents more features of publicity and alarm than an ordinary breach of the peace. It was, for that reason, clearly intended to be punished in the higher Court. Many other obvious reasons for such jurisdiction being reposed in the Circuit Court will readily suggest themselves. So that neither from the language of the act, nor the reason of the law, have we any doubt of the intention of the legislature.

The trial before the magistrate was *coram non judice*, and, of course, no bar.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Herod* and *J. G. Marshall*, for the plaintiff.

*D. S. Gooding*, for the state.