O'BRIAN *v.* THE STATE.

Where a statute confers a new power upon a justice of the peace, he must follow the statute strictly.

Where an offense is committed within the view of a justice of the peace, he can do no more, under the statute, than direct the arrest of the offender, and have him kept in custody for one hour, unless sooner taken from custody

May Term,
.1859.

O'BRIAN
v.
THE STATE.

Thursday,
June 2.

by a warrant issued on complaint under oath. He cannot try the prisoner until he is charged by such complaint; and if he try and convict him, the conviction is a nullity, and is no defense upon a trial for the same offense in the Common Pleas.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—The information in this case charges that *O'Brian*, on, &c., at, &c., committed an assault and battery upon one *Luke Reilly*. Plea, not guilty. The Court tried the cause, and found for the state. New trial refused, and judgment.

The evidence shows that the offense charged was committed in the presence of *John Allen*, a justice of the peace, during the progress of a trial before him; that immediately upon the commission of it, the justice ordered the defendant to be arrested, there being a constable in the room, telling him that he was guilty of an assault and battery; that the defendant pleaded guilty to the charge, and submitted the case to the justice, saying that he would waive all process and papers, as he was desirous of saving costs. The injured party was present. The justice found the defendant guilty, assessed his fine at one dollar, and rendered a judgment against him for the fine and costs. Upon the rendition of the judgment, the same was fully paid by the defendant.

Was the defense thus proved, a bar to the prosecution in the Common Pleas? This is the only question in the case.

We have a statute which says: "Where any offense is committed in view of any justice, he may, by verbal direction to any constable, &c., cause such constable to arrest such offender, and keep him in custody for the space of one hour, unless such offender shall sooner be taken from such custody by virtue of a warrant issued on complaint on oath. But such person shall not be confined in jail, nor put upon any trial, until arrested by virtue of such warrant. 2 R. S. p. 497, § 4.

It is a settled principle, that when a statute confers a new power on a justice of the peace, he must proceed in the mode prescribed by the statute. *Bargis* v. *The State*,

4 Ind. R. 126.—*Bigelow* v. *Stearns*, 19 Johns. 39. Apply this rule to the case at bar, and it will at once be seen that there was, in this instance, no valid conviction before the justice. All he can do, when an offense is committed in his view, is to direct the arrest of the offender, who is to be kept in custody for the space of an hour, unless he shall be sooner taken from such custody by warrant issued on complaint on oath. Indeed, the enactment to which we have referred, in terms disallows the trial of an offender, arrested by such verbal direction, at least until he is charged by complaint under oath; and until such complaint is made, the person of the offender is not, for trial, within the jurisdiction of the justice. *Bargis* v. *The State, supra*, is directly in point, and decisive of the question under discussion. Our opinion is, that the justice—there being no complaint under oath—had no jurisdiction; that the conviction before him was, therefore, a nullity, and constituted no defense to the prosecution in the Common Pleas.

*Per Curiam.*—The judgment is affirmed with costs.

*J. O'Brian*, in person.

*J. N. Stiles*, for the state.