*Nov. Term, 1859.*

STEEL
v.
WILLIAMS.

---

STEEL *v.* WILLIAMS.

A justice of the peace has no power to grant a new trial or hearing of a criminal cause, after the prisoner has been once recognized, or the cause finally disposed of.

APPEAL from the *Gibson* Court of Common Pleas.

WORDEN, J.—This was an action by *Williams* against *Steel*, for a malicious prosecution. The complaint alleges that the defendant maliciously, and without probable cause, instituted a prosecution against the plaintiff for a larceny, before one *Holly Crawford*, a justice of the peace, upon the trial of which, the plaintiff was acquitted and discharged.

*Monday, November* 28.

Nov. Term,
1859.

STEEL
v.
WILLIAMS.

Demurrer to the complaint overruled, and exception. Answer in denial; trial by jury; verdict and judgment for the plaintiff; motion for a new trial overruled; and judgment on the verdict.

Objection is made to the complaint; but as the point on which the case turns, appears in the evidence, and not very clearly on the face of the complaint, we shall not further notice it.

A bill of exceptions sets out all the evidence, from which it appears that the plaintiff was arrested on the charge of larceny, upon a warrant issued by said justice, and taken before him for examination; that on the 6th of *August*, 1857, the cause was heard by the justice, and it was there-upon adjudged by him that the defendant (therein) be re-cognized to appear at the next Circuit Court to answer the charge, and he entered into a recognizance accordingly. On the next day thereafter, on the application of *Williams*, the justice granted him a new trial, and fixed upon a fu-ture day for the hearing, on which day the justice again heard the cause, and discharged the accused.

This evidence, in our opinion, wholly fails to make out a point essential to the maintenance of the action, viz., the discharge of the defendant in the prosecution.

When the justice had heard the cause, and adjudged that the accused be recognized to appear at the Court to answer the charge, and the recognizance had been entered into accordingly, and received by the justice, his powers and functions in the matter were at an end. The matter had then passed beyond his control, and he had no power or jurisdiction to grant a new trial, or take any other steps in the cause, except to file the recognizance, together with a transcript of his proceedings, and the papers in the case, with the clerk of the proper Court. There is no authority given to a justice, to grant a new trial on the hearing of a criminal cause, after it has been finally disposed of. 2 R. S. p. 497. In civil causes, a justice may grant a new trial within four days after entering judgment (2 R. S. p. 460, § 56); but no such, or kindred, provision is found in the statute regulating his proceedings in criminal cases. If he

may grant a new trial the next day after finally disposing of such cause, he may the next week, month, or year. We regard the proceedings of the justice, after finally disposing of the cause on the 6th of *August*, as being wholly unauthorized and void. The case then stands as if no such subsequent proceedings had been had. There was an examination of the cause, and the accused was recognized to answer the accusation. This judgment of the justice, was in no manner avoided or affected by the subsequent proceedings.

For the foregoing reason, the motion for a new trial should have prevailed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. T. Embree*, for the appellant.