May Term,
1861.

Brown
v.
The State.

Brown v. The State.

*Quere:* Whether a sole judge can be examined as a witness in a cause being tried in his Court.

A criminal cause must be tried by the Court, upon an agreement of the parties, or by a jury of twelve men.

In a criminal cause, the attorney of the defendant waived a trial by a jury of twelve men, and consented to a trial by a less number than twelve, as a jury. The defendant, though present in Court, was not consulted, and did not know that he could object to the act of the attorney.

*Held*, that such a waiver, at all events, was not binding on the defendant.

*Wednesday, July 10.*

APPEAL from the *Carroll* Common Pleas.

Perkins, J.—Prosecution for malicious trespass. Conviction; punishment, fine and imprisonment.

The case was tried by a jury of eleven.

The sole judge who tried the cause was sworn as a witness in it, on behalf of the State.

*Greenleaf* says, it is settled that the sole judge trying a cause can not be sworn as a witness in it, for the reason that while he is a witness, there is no judge. 1 Greenl. Ev., § 364, p. 508. It is not necessary that we should decide the point, in this case, and we do not. It must be reversed upon another ground, and will not be tried again before the judge who was the witness.

A jury at common law consists of twelve men, and so it does by our criminal code, as that does not speak of a less number; and a trial by a less number, as a jury, is void. *Jackson* v. *The State*, 6 Blackf. 461; *Brown* v. *The State*, 8 *id.* 561.

In civil cases, the statute authorizes the parties to agree upon a less number, and a jury consisting of twelve may be waived. *Durham* v. *Hudson*, 4 Ind. 501; 2 R. S., § 308, p. 106.

Our statute authorizes a jury to be waived, altogether, in criminal cases, except such as are capital, and the cause, by agreement, to be tried by the Court. 2 R. S., p. 371. By statute, then, a criminal case must be tried by the Court, upon an agreement of parties, or by a jury of twelve men.

Can these provisions be waived, and a criminal cause be referred to the arbitrament of a number of men less than twelve, and not constituting the Court? The case of *Cancemi* v. *The People*, 18 New York Rep., p. 128, decides the negative of this question; that the waiver can not be made, even by the defendant in person, on the ground that the State has an interest in the administration of the criminal law for the punishment of her citizens.

May Term, 1861.

In the case at bar, the waiver was made by the attorney, and though the defendant was present in Court, it appears by his affidavit that he was not consulted, and did not know that he could object to the act of the attorney. Such a waiver, at all events, is not sufficient, and is not binding on the defendant. See *The State* v. *Wamire*, *ante*, p. 357, where it is held that an attorney can not bind his client by consent to the discharge of the jury, on the trial of a criminal cause.

*Per Curiam.*—The judgment is reversed. Cause remanded for a new trial.

*B. B. Daily*, for the appellant.