The State v. Morgan.

———————

THE STATE v. MORGAN.

<div style="float:right">62  35<br>145  307</div>

CRIMINAL LAW.—*Former Conviction.—Jurisdiction of Justice over Felony.— Assault with Intent to Murder.—Judgment.*—To an indictment charging the defendant with an assault with intent to murder, the defendant pleaded specially, that, on an affidavit charging precisely the same offence, made.by the prosecuting witness and filed by the prosecuting attorney before a justice of the peace. the defendant, on a plea of not guilty and a trial of such action, wherein the prosecuting attorney had appeared, had been found not guilty as to the alleged intent, and guilty of and fined for the assault.

*Held,* on demurrer, that the plea is insufficient ; that in such case the only jurisdiction of the justice was to examine and hold to bail or discharge the defendant ; and that the judgment in such case, even if rendered with the consent of the prosecuting attorney, was void.

From the Putnam Circuit Court.

*C. A. Buskirk,* Attorney General, and *T. C. Grooms,* Prosecuting Attorney, for the State.

*D. R. Eckels,—Martin* and—*Eckels,* for appellee.

HOWK, J.—At the November term, 1877, of the Putnam

Circuit Court, the grand jury of said court returned an indictment against the appellee, John V. Morgan, for an alleged felony. This indictment was in two counts. Afterward, at the February term, 1878, of said court, the appellee moved the court to quash each count of said indictment; which motion was sustained as to the first, and overruled as to the second, count of the indictment. The appellee then answered in abatement; to which answer the State of Indiana, by its attorneys, demurred upon the ground that it did not state facts sufficient to constitute a defence. This demurrer was overruled by the court, and to this decision the State excepted, and, failing to reply to said answer, judgment was rendered thereon for the abatement of this prosecution, and that the appellee go hence thereof without day.

From this judgment the State has appealed to this court, and has here assigned the following alleged errors of the court below:

1. In sustaining the appellee's motion to quash the first count of the indictment; and,

2. In overruling the demurrer of the State of Indiana to the appellee's answer in abatement.

The record fails to show that the State excepted to the decision of the circuit court, in sustaining the appellee's motion to quash the first count of the indictment. Therefore the first alleged error was not properly saved, and no question is thereby presented for our consideration. Besides, this first error is not even alluded to by the State's attorney, in his argument of this cause in this court, and it must, for this reason, be regarded as waived.

The second count of the indictment charged, in substance, that, on the 11th day of July, 1877, at Putnam county, Indiana, the appellee, John V. Morgan, did then and there unlawfully, feloniously, purposely, and with premeditated malice, attempt to commit a violent injury upon

the body of John Sullivan, by then and there unlawfully, feloniously, purposely, and with premeditated malice, attempting to shoot the said Sullivan with a pistol, then and there loaded with powder and leaden ball, which he, the said Morgan, then and there in hand had and held, the said Morgan then and there having a present ability to commit the violent injury, as above described, upon him the said Sullivan, with the intent then and there and thereby, unlawfully, feloniously, purposely and with premeditated malice, to kill and murder him, the said John Sullivan, contrary, etc.

It will be seen that this second count of the indictment charged the appellee with an assault merely, with the intent, etc.

In his answer in abatement, the appellee alleged, in substance, that the State of Indiana ought not to further prosecute said indictment against him, because he said that, on the 13th day of July, 1877, the said John Sullivan, named in each count thereof, appeared before one Moses C. Bridges, who was then and there, and yet was, a justice of the peace of Putnam county, Indiana, and then and there acting as such, by Tarvin C. Grooms, Esq., who was then and there, and yet was, the prosecuting attorney of the State of Indiana, in said Putnam county, and filed the affidavit of said Sullivan, with said justice of the peace, charging the appellee with an unlawful attempt to commit a violent injury upon the body of said Sullivan, by then and there unlawfully attempting to shoot him, the said Sullivan, with a pistol, the appellee then and there having the present ability to commit the said violent injury, with the intent then and there and thereby unlawfully, feloniously, purposely, and with premeditated malice, to kill and murder him, said Sullivan, on the 12th day of July, 1877, at said Putnam county; that thereupon, at the instance and request of the said prosecuting attorney, the said justice of the

peace issued a warrant on said charge for the arrest of the appellee, and he was thereon duly arrested, and taken before said justice to answer said charge, on the 14th day of July, 1877; that such proceedings were had thereon, before said justice, as that on the 19th day of July, 1877, the State appeared by the duly appointed deputy of the said prosecuting attorney, and the appellee in person, in the court of and before said justice, who was then and there sitting to hear, examine and try said charge; that the appellee was then and there duly arraigned by said deputy-prosecuting attorney on said charge, before said justice, and then and there plead "not guilty" thereto; that the justice, with the consent of the parties, then proceeded to the trial of said issue, when said Sullivan and divers other witnesses were duly sworn and testified in the cause; and after full arguments by the attorneys of the parties, it was by said justice, who had full power to hear and determine the issue joined, then and there found and adjudged, that the appellee was not guilty of the intent to murder, as charged, but was guilty of the assault charged, and that he pay a fine of twenty-five dollars, and the costs of suit, and that he stand committed until said fine and costs were paid or replevied; and the appellee said, that he remained in custody until afterward, on the same day, he duly and legally replevied said judgment, as by the record of said justice's judgment, a copy of which was therewith filed, would more fully appear; and that said judgment remained in full force and effect, and had not been reversed nor made void. And the appellee averred that he was the same John V. Morgan who was so tried by said justice, and by him acquitted of the intent to murder, and convicted of the assault; and that the offence for which he was so tried by said justice was the same offence with which he was then charged in said indictment. Wherefore, etc.

This answer was verified by the oath of the appellee.

The question presented for decision, by the second alleged error, is this : Did this answer of the appellee, as above set out, state facts sufficient to constitute a defence, either in abatement or in bar, to the second count of the indictment in this case ?

By section 9 of " An act defining felonies, and prescribing punishment therefor," approved June 10th, 1852, the offence with which the appellee was charged in the second count of the indictment, is defined and is made a felony. 2 R. S. 1876, p. 427. The circuit courts of this State have " original jurisdiction in all felonies," and in counties like Putnam county, which have no separate criminal courts, this jurisdiction is also exclusive. Acts 1867, p. 77; 2 R. S. 1876, p. 6, sec. 5.

The powers and · duties of justices of the peace, in State prosecutions, are such only as are given by statute. In the case of *Hawkins* v. *The State*, 24 Ind. 288, it was said by this court, in reference to the point now under consideration : " The power and jurisdiction of justices of the peace are specially conferred by statute, and they can exercise no authority not thus given. In cases of felony, they have no power to *try* the party, in any legal sense, but can only examine, and in proper cases hold to bail, or, in default of bail, commit to jail to await trial in the proper court." See, also, on this subject, the cases of *Gachenheimer* v. *The State*, 28 Ind. 91; *The State* v. *Gachenheimer*, 30 Ind. 63; *Thompson* v. *The State*, 38 Ind. 39; and *Caffrey* v. *Dudgeon*, 38 Ind. 512.

In the case of *The State* v. *Odell*, 8 Blackf. 396, it was said : " The only judicial powers possessed by justices of the peace in this State, are those conferred by the statute concerning their powers and duties, and it is necessary that they should confine themselves strictly to the exercise of such powers as are therein granted; otherwise their judgments are *coram non judice* and void." *Bargis* v. *The*

*State,* 4 Ind. 126; *Wakefield* v. *The State,* 5 Ind. 195; *Gregg* v. *Wooden,* 7 Ind. 499; *O'Brian* v. *The State,* 12 Ind. 369.

It is a clear proposition, too plain for argument as it seems to us, that the justice of the peace had no jurisdiction of the subject-matter of the felony charged in the affidavit set out in the appellee's answer, for the purpose of trying and determining the guilt or innocence of the appellee of such felony. The power of the justice was limited solely and exclusively to an examination of the charge, and if the evidence showed the probable guilt of the appellee of the charge preferred, to hold him to bail, or, in default thereof, to commit him to jail to await his trial in the proper court; but if, upon the evidence, the appellee's guilt of the felony was not apparent, the justice might have discharged him from custody, but he could not render a judgment of acquittal. The entire judgment of the justice was absolutely null and void; for he could not fine the appellee for an assault merely, on the charge stated in the affidavit, until the appellee was duly acquitted of the felonious intent; and the justice had no power to acquit him of such intent. Even if the prosecuting attorney and the appellee had expressly consented that the justice might try and determine the guilt or innocence of the appellee of the entire charge, it is clear that the justice would have had no jurisdiction to render a valid judgment either of conviction or acquittal. If the justice had found the appellee guilty of the felonious intent, as charged, and had adjudged that he be confined in the state-prison for a determinate period of time, such a judgment would be pronounced invalid and void; but it is no more invalid and void than the justice's judgment of acquittal of such felonious intent. Each of such judgments would be invalid, and for precisely the same reason, namely: because the law has not given justices of the peace jurisdiction of felonies.

The express consent of the parties will not give justices of the peace jurisdiction of any cause or matter, when the law has not expressly conferred upon such justices jurisdiction of the subject of such cause or matter.

It is very clear, we think, that the judgment of the justice, set up in the appellee's answer in this case, was absolutely null and void, for the want of jurisdiction in the justice to render such judgment. Therefore, we hold that the court erred in overruling the State's demurrer to the appellee's answer.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to appellee's answer, and for further proceedings.