No. 7181.

MOORE v. THE STATE, EX REL. CLEGG.

JUSTICE OF THE PEACE.—*Criminal Prosecution.*—*No Power to Set Aside Verdict.*—*Judgment.*—It is the imperative duty of a justice of the peace in a criminal prosecution before him, where a valid verdict is rendered by the jury, to enter judgment on such verdict. He has no power to set it aside.

SAME.—*Verdict by Six Jurors.*—A verdict rendered by a jury of six persons, in a criminal case, is an absolute nullity.

SAME.—A void verdict can not be enforced.

SAME.—*Judgment on Erroneous Verdict.*—*Practice.*—*Mandate.*—A justice of the peace may be compelled, by mandate, to render judgment on a verdict returned in a criminal prosecution, no matter how erroneous he may deem it to be, but he can not be compelled to enter judgment upon a verdict which is a nullity.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

ELLIOTT, J.—Three persons were charged with a misdemeanor, and prosecuted by the State upon the charge, be-

fore the appellant as a justice of the peace. The case was tried by a jury, and a verdict returned finding the defendants guilty, and assessing the fine of each at fifteen dollars. On the motion of the defendants in said prosecution, the justice granted a new trial. The relator applied for a writ of mandate to compel the justice to enter judgment on the verdict of the jury, and an alternative writ issued.

In his return to the alternative writ, the appellant sets out the proceedings had before him in the case wherein the verdict was rendered, from which it appears, *inter alia*, that the case was tried by a jury of six men ; that the State demanded judgment on the verdict, and that, after the justice had set aside the verdict, the prosecution was by him finally dismissed. The motion for a new trial appears in the record set out in the return, and from it we gather the reasons upon which the defendant asked a new trial. The appellant states little else in his return than what the record of the case before him exhibits. We copy from the return the excuse he gives for not entering judgment upon the verdict. He gives it in these words : "This defendant further says that he set aside the verdict of said jury because said verdict was contrary to law, not supported by the evidence, and assessed a fine against the defendants, which was not legal, they being, in his opinion, innocent, under the evidence adduced on the trial of said cause, of any violation of the laws of the State of Indiana, and to render a judgment against them would have been then, and would be now, contrary to his legal judgment and conscience. He further says that, in his opinion, as a judicial officer, the verdict rendered against the defendants in said case was illegal, void in law and good conscience, and ought not to be enforced or regarded, and he, therefore, set it aside, disregarded it, and granted the defendants a new trial, as he then believed, and now believes, it was his right and bounden duty to do."

It is very clear that the excuse stated is not a valid one.

The duty of a justice in cases where there is a valid verdict in criminal prosecutions is plain and imperative. It is his plain and positive duty to enter judgment on such a verdict, for the statute gives him no power to set aside verdicts in criminal cases. *Steel* v. *Williams*, 13 Ind. 73; *State* v. *Morgan*, 62 Ind. 35; *Hawkins* v. *The State*, 24 Ind. 288. It was not for him to set up "his legal judgment and conscience," as he denominates it, against the supreme law of the land. It will be an evil day when judges even of the highest dignity are permitted to place their individual judgment against the law declared by the constitutional authority. It would be bad enough for a judge occupying the most elevated position to arrogate to himself the power of bending the declared law to his individual judgment; infinitely worse to permit such a thing to be done by justices of the peace, who are, proverbially, not very learned in the law.

There is one fact stated in the return which requires us to reverse the judgment rendered by the court below. It appears from the proceedings set out in appellant's return that the case was tried by a jury of six persons, and it is settled that such a trial is an absolute nullity. *Brown* v. *The State*, 16 Ind. 496; *Allen* v. *The State*, 54 Ind. 461. Although the appellant expressly relies upon a different excuse for setting aside the verdict, yet, as it appears from the record that the verdict was a nullity, we can not affirm the judgment, because this would be, in effect, to require a mandate to issue compelling an entry of judgment upon a void verdict. A void verdict can not be enforced. The distinction between an erroneous verdict and one utterly void is very broad and distinct. In criminal cases, the justice must enter judgment upon an erroneous verdict, and leave the defendant to the remedy of appeal provided by statute; but, where the verdict is a nullity, there is nothing upon which a judgment can rest. A justice of the peace may be compelled by mandate to render judgment on a verdict

returned in a criminal prosecution, no matter how erroneous he may deem it to be; but he can not be compelled to enter judgment upon a verdict which is utterly null, a mere nothing.

Judgment reversed, at costs of relator, with instructions to overrule the demurrer to appellant's return.