### James M. Moore vs. the State ex rel. Matthew Clegg.

1. *A Justice of the Peace cannot set aside a Valid Verdict.*—The plain and positive duty of a Justice of the Peace, where there is a valid verdict rendered in a prosecution before him for a misdemeanor, is, to enter judgment thereon; the statute gives him no power to set aside such verdict; and he cannot set up his "legal judgment and conscience against the supreme law of the land." This applies to all judges, but especially to Justices of the Peace.

2. *Number of Jurors.*—A verdict rendered by a jury composed of six persons, in such case, is a nullity, and a Justice cannot be compelled by *mandamus* to render a judgment thereon.

Filed March 29, 1881.

Appeal from Clark.

Opinion of the court by Mr. Justice Elliott.

Three persons were charged with a misdemeanor, and prosecuted by the State upon the charge, before the appellant as a

Justice of the Peace.   The case was  tried  by a jury, and a verdict returned finding the  defendants  guilty, and  assessing  the fine of each at fifteen dollars.   On the motion of the defendants in said prosecution, the justice granted a new trial.   The relator applied for 'a writ of mandate to compel  the justice to enter judgment on the verdict of the  jury, and  an  alternative  writ issued.

In his return to the alternative writ, the  appellant set  out the proceedings had before in the case wherein the  verdict was rendered, from  which it appears *inter alia,* that the case was tried by a jury of six men, that the  State demanded judgment on the verdict, and that after the justice had set aside the verdict, the prosecution was by him finally dismissed.

The motion for a new trial appears in the record set out in the return, and from it we gather the  reasons upon  which  the defendants asked a new trial.   The appellant states little else in his return, that what the record of the case before him exhibits. We copy from the return the excuse he gives for not entering judgment upon the verdict.   He gives it in these words :

"The defendant further says, that he set  aside  the  verdict of said jury, because said verdict was contrary  to  law, not  supported by the evidence, and assessed a fine  against the  defendants which was not  legal, they being  in  his opinion  innocent under the  evidence  adduced  on  the trial of  said cause, of any violation of  the laws of  the  State of Indiana, and  to  render judgment against  them  would  have  been  then, and  would be now, contrary to his legal judgment and conscience.   He further says, that, in his opinion as a judicial officer, the verdict rendered against the defendants in said case was illegal, void  in  law and good conscience, and ought not to be  enforced  or regarded; and he therefore set it aside, disregarding it, and granted the defendants a  new  trial, as he then believed and now believes it was his right and bounden duty to do."

It is very clear that the  excuse stated  is not  a valid  one. The duty of a Justice in cases where there is a valid verdict in a criminal prosecution is plain and imperative.   It is his plain and positive duty to enter judgment on such a verdict, for  the  Statute gives him no power to set aside verdicts in criminal cases.

*State* v. *Williams*, 13 Ind., 73; *State* v. *Morgan*, 62 Ind., 85; *Hawkins* v. *State*, 24 Ind., 288. It was not for him to set up "his legal judgment and conscience," as he denominates it, against the supreme law of the land. It will be an evil day when judges even of the highest dignity are permitted to place their individual judgment against the law declared by the constitutional authority.

It would be bad enough for a judge occupying the most elevated position to arrogate to himself the power of bending the declared law to his individual judgment; infinitely worse to permit such a thing to be done by Justices of the Peace, who are proverbially not very learned in the law.

There is one fact stated in the return that requires us to reverse the judgment rendered by the court below. It appears from the proceedings set out in appellant's return that the case was tried by a jury of six persons, and it is settled that such a trial is an absolute nullity. *Brown* v. *State*, 16 Ind., 496; *Allen* v. *State*, 54 Ind., 461. Although the appellant expressly relies upon a different excuse for setting aside the verdict, yet, as it appears from the record that the verdict was a nullity, we cannot affirm the judgment, because this would be in effect to require a mandate to issue compelling an entry of judgment upon a void verdict.

A void verdict cannot be enforced. The distinction between an erroneous verdict, and one utterly void is very broad and distinct.

In criminal cases the justice must enter judgment upon an erroneous verdict, and leave the defendant to the remedy of appeal provided by statute, but where the verdict is a nullity there is nothing upon which a judgment can rest.

A Justice of the Peace may be compelled by mandate to render judgment on a verdict returned in a criminal prosecution, no matter how erroneous he may deem it to be; but he cannot be compelled to enter judgment upon a verdict which is utterly null, a mere nothing. Judgment reversed at costs of the relator, with instructions to overrule the demurer to appellant's return.