Nov. Term,
1826.

THE STATE.
v.
M'CORY.

---

## The State v. M'Cory.

Indictment for an assault and battery. Plea, that before the commencement of the prosecution, the defendant had been arrested on the warrant of a justice of the peace of the county for the charge set forth in the indictment; and that, after a full examination of the case, the justice had acquitted him of the offence. *Held*, on demurrer, that the plea was a good bar to the prosecution.

The statute, authorizing justices of the peace to punish trivial breaches of the peace by fine not exceeding three dollars, is not unconstitutional; and it is discretionary with the justice whether to try a charge of a breach of the peace himself, or to recognize the defendant to answer the same at the next term of the Circuit Court.

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—*M'Cory* was indicted in the *Clark* Circuit Court for an assault and battery. Plea, that before the finding of the bill by the grand jury, and before the commencement of the prosecution, the defendant was arrested by virtue of a warrant from a justice of the peace of said county, on a charge of assault and battery, being a charge of a trivial breach of the peace, and the same charge set forth in the indictment; and being so arrested, he was taken before *John Peyton*, Esquire, a justice of the peace of said county, and put upon his trial for said charge; and after a full examination of the case, he was by the said justice adjudged not guilty of the offence, and finally acquitted. To which plea the attorney for the state demurred; the demurrer was overruled; and the defendant discharged.

The plaintiff contends that the justice had no jurisdiction of the case. The question of jurisdiction depends on the construc-

*Monday*,
*November* 6.

tion of the second section of the act regulating the *jurisdiction* and duties of justices of the peace, R. C. 1824, p. 236; taken in connection with the fifth section of the first article of the constitution. This section of the constitution declares, that "in all criminal cases, except in petit misdemeanors, which shall be punished by fine only not exceeding three dollars, in such manner as the legislature shall prescribe by law, the right of trial by jury shall remain inviolate." By the act of assembly, "it shall be the duty of the justice of the peace to inquire into, and in a summary way to punish, by fine not exceeding three dollars, all trivial breaches of the peace; and judgment give, and execution award: and when, upon examination, it shall appear that three dollars would not be an adequate punishment, it shall be his duty to recognize such offender and the witnesses to the next Circuit Court." The only difficulty on this subject arises from the vagueness of the terms, "*petit misdemeanors* and *trivial breaches of the peace*." The legislature has considered these expressions as synonimous, and we see no impropriety in it; for a *trivial breach of the peace* is but a *petit misdemeanor;* especially where the breach of the peace merits no higher punishment than three dollars. By this section of the constitution, those minor offences which, in the opinion of the legislature, merit no higher punishment than three dollars, are left entirely within legislative control; and the legislature has determined that trivial breaches of the peace are of this class; and has therefore placed them within the jurisdiction of a justice of the peace.

It should also be recollected, that this clause in the constitution is expressly intended to guard individuals from oppression, by securing to them a jury trial in all cases where they were to be punished by a fine exceeding three dollars. It is not intended to guaranty to the community, that every offence should receive an adequate punishment. Under this provision, an individual might object, if the legislature gave a justice of the peace power to fine him more than three dollars; but the state could not complain if the legislature thus placed, under the jurisdiction of a justice, offences which should be punished by a higher fine than three dollars. We consider that the legislature had full power to determine, that *trivial breaches of the peace* were but *petit misdemeanors;* and to place them, as is done by

this act of assembly, within the cognizance of a justice of the peace. Nor is there any thing in this clause of the constitution, that prevents the legislature from giving the justice of the peace a discretionary jurisdiction in cases where the fine was not fixed, but was to be proportioned to the circumstances of the case, as is done by this act; limiting the power of fining to three dollars. The constitution does not require that the legislature should fix the amount of the fine: that power may be constitutionally delegated to the justice of the peace; for such a discretionary jurisdiction cannot oppress the offender, inasmuch as if the justice of the peace inflicts the punishment, it cannot exceed three dollars; and if he determines that three dollars is not an adequate punishment, and recognizes the offender to the Circuit Court, he would then be in the same situation in which he would have been if the justice of the peace had had no power to fine in any case: and in neither case can the state complain that the constitution is violated.

The 12th sec. of the 1st art. of the constitution does not reach this case. That section declares, that "no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment." But it is evident from the fifth section, that the framers of the constitution did not consider a *petit misdemeanor* to be a *criminal charge*. It should be further considered, that this section also is intended to guard individuals against oppression; and the character of the act under consideration is the very reverse of oppression. We question whether a single individual has ever been heard to complain, that his constitutional rights have been infringed by placing the determination of an offence, of which he has been charged, within the jurisdiction of a justice of the peace, instead of giving it to the Circuit Court to be tried by presentment or indictment.

This case must then rest on the construction of the act of assembly. And here it is evident, that the jurisdiction of the justice of the peace is not confined to cases where the fine is fixed, and is never to exceed three dollars. His jurisdiction, unquestionably, embraces a class of cases where three dollars may be an inadequate punishment. Of this character are assaults, and assaults and batteries. And we have no doubt but that the legislature intended to place those offences within his discretionary jurisdiction; authorizing him to hear and determine them, if

they were of a trivial nature; but if he was of opinion, that a fine of three dollars was an inadequate punishment, he was to transmit them to the Circuit Court. There are many assaults, and assaults and batteries, which are but *trivial breaches of the peace*— but *petit misdemeanors*, that are sufficiently punished by a fine of three dollars; these are, unquestionably, determinable by the justice of the peace. There are others of an aggravated nature, where such a fine would be wholly inadequate; and where the offender should be recognized to the Circuit Court. But if the justice exercises jurisdiction in those cases, and inflicts a fine not exceeding three dollars, we know not how his judgment can be called in question in the Circuit Court. Where the justice acquits, as in this case, it would seem that the question was at an end (1).

The motion to withdraw the demurrer and reply to the plea, and the refusal of the Court to grant that liberty, are no part of the record.

*Per Curiam.*—The judgment is affirmed.

*Kingsbury*, for the state.
*Howk*, for the defendant.

(1) Vide the next case—*Clark* v. *Ellis*—and note(1).