May Term,
1860.

THE STATE
v.
CONGER.

---

THE STATE *v.* CONGER.

Gaming is not an act of common labor or usual avocation within the prohibition of the *Sunday* law.

*Thursday,
June 7.*

APPEAL from the *Ripley* Court of Common Pleas.

DAVISON, J.—Information for violation of the *Sabbath.* The charge is, that the defendant, on the 5th of *July*, 1857, at, &c., was then and there unlawfully found at common labor and engaged in his usual avocation, by then and there playing and betting at a certain game of cards with *Lewis L. Thomas* and *John Risinger*, for the sum of twenty-five cents, the said common labor not being the work of necessity or charity, &c.

Motion to quash the information sustained, and the state excepted.

The statute upon which this prosecution is based, declares that if any person, &c., shall be found on the first

day of the week, commonly called *Sunday*, rioting, hunt- ing, fishing, quarreling, at common labor, or engaged in his usual avocations, works of charity and necessity excepted, &c., he shall be fined, &c.    Acts of 1855, p. 159.

The appellee, in support of the action of the Court, as- sumes that gaming is not an act of common labor or a usual avocation, within the purview of the statute.    This construction seems to be correct.    Gaming is an offense defined by statutory law—it is a criminal act—the doing of which on any day of the week is forbidden; and it seems to us that an act thus forbidden cannot be held an act of common labor or of usual avocation, because the ordinary sense in which these phrases are understood will not allow them to be so construed.    In our opinion, the terms common labor and usual avocation, as used in the statute, intend such acts of labor or business as may be performed on days of the week usually devoted to secular business in the pursuit of a lawful employment.    Such acts of common labor and usual avocation, and such alone, when done on the *Sabbath*, are punishable as offenses against the statute.    The motion to quash was correctly sustained.

*Per Curiam.*—The judgment is affirmed.