## COMBS v. THE STATE.

CIVIL AND CRIMINAL CIRCUIT COURTS.—The act approved *December* 20, 1865, providing for criminal and civil circuit courts, is not repugnant to the constitution.

SIXTEENTH JUDICIAL CIRCUIT.—The act, approved on the same day, creating the sixteenth judicial circuit, is constitutional.

APPEAL from the *Marion* Criminal Circuit Court.

GREGORY, C. J.—*Combs* was indicted and convicted in the *Marion* Criminal Circuit Court, for a felony committed by him. It is claimed that the acts of the legislature creating that court and conferring upon it its jurisdiction are unconstitutional. This presents the only question involved in the case.

The legislature, on the 20th of *December*, 1865, passed an act amending sections two and five of the act organizing circuit courts, approved *June* 1, 1852, and providing for criminal and civil circuit courts, in which it is provided, among other things, that a criminal circuit court shall be organized and held in all counties having ten thousand voters or more, with original exclusive jurisdiction of all felonies, and of all misdemeanors, except as provided by law

for justices of the peace, and such appellate jurisdiction in all criminal actions as is or may be provided by law for the circuit court. On the same day, the legislature passed another act creating the sixteenth judicial circuit, and providing for the election of a judge and prosecuting attorney thereof, and providing compensation therefor, and declaring its jurisdiction, and providing for the transfer of actions thereto; in which it is provided, among other things, that the county of *Marion* shall be created into and constitute the sixteenth judicial circuit, and that there shall be established therein a criminal Circuit Court, with jurisdiction as provided by law. It is insisted that these acts are obnoxious to the provisions of sections twenty-two and twenty-three of the fourth article of the state constitution. We do not think so. An act creating a court, and conferring upon it jurisdiction, does not fall within the prohibition, that "the general assembly shall not pass local or special laws," &c., "regulating the practice in courts of justice." "The practice in courts of justice" means the form, manner and order of conducting and carrying on suits and prosecutions, civil and criminal, as embodied in the code. The acts in question do not come within the provision in the twenty-third section, that "in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." An act creating a circuit is local in its nature; and so far as the acts under consideration create a criminal circuit court, they are general and of uniform operation throughout the State. All counties having a voting population of ten thousand are entitled to a criminal circuit court. This provision is of as uniform operation as the law creating municipal corporations. The fact that cities have corporate powers not conferred on towns and villages, has never been considered as creating even a doubt as to the constitutionality of the act for the incorporation of cities. Large communities require more time for the transaction of judicial business than small ones, and if one

court cannot do the business, there must be more created. And it is idle to say that the legislature cannot provide for such an exigency. It would be as absurd to say that the legislature could not create courts sufficient for the transaction of the judicial business of the populous counties of the State, as to say that that body could not give more time for the terms of the courts for one county than another.

The judgment is affirmed, with costs.

*S. A. Colley* and *J. C. Buffkin,* for appellant.

*D. E. Williamson,* Attorney General, for the State.