Eitel *v.* The State,

---

### EITEL *v.* THE STATE.

CRIMINAL COURT.— *Of Jefferson County.— Constitutional Law.*—There is no constitutional objection to such special legislation as that by which the Criminal Circuit Court of Jefferson County was created (Acts 1869, p. 49); and it was immaterial to the valid existence of said court whether said county had such a population as under other acts would have authorized the organization of the court.

SAME.— *Grand Jury.*—Said court had all the machinery of the circuit courts for the disposition of criminal causes, including a grand jury.

SAME.—*Jurisdiction.—Misdemeanors.*—The criminal courts of this State have jurisdiction of misdemeanors.

SAME.—*Indictments for Misdemeanors.*—Misdemeanors may, in the criminal and circuit courts, be prosecuted upon indictment.

CRIMINAL LAW.—*Desecration of the Sabbath.—Indictment.*—An indictment charged that the defendant, at, &c., "being over fourteen years of age, on the 13th of June, 1869, being Sunday, was found unlawfully at common labor, engaged in his usual avocation, to wit, selling and delivering to" J. O. "two quarts of beer, and receiving from him twenty-five cents in payment therefor," &c., the statutory exceptions being negatived.

*Held,* on motion to quash, that the indictment sufficiently charged an act of common labor, within the meaning of the statute. *Wetzler* v. *The State,* 18 Ind. 416, criticised.

APPEAL from the Jefferson Criminal Circuit Court.

FRAZER, J.—The question most pressed in the argument is, whether the Jefferson Criminal Circuit Court has a valid existence. The constitutional question, heretofore decided by this court (*Combs* v. *The State*, 26 Ind. 98), as to the power of the legislature to create such a court, is not presented. That question has recently been again considered in a case not yet decided (*Clem* v. *The State**), and will be further discussed and, we trust, finally settled in that case.

The criminal court for Jefferson county was called into existence by a special statute (Acts 1869, Spec. Sess., p. 49); and it is unnecessary, therefore, to consider whether that county had such a population as under other acts would have authorized its organization. There is no constitutional objection to such special legislation.

The criminal court has, by law, all the machinery of the circuit courts for the disposition of criminal causes, and this, of course, includes a grand jury. *Id.* 50, sec. 1.

The criminal courts are invested with jurisdiction of misdemeanors. Acts 1867, p. 78.

There is no doubt entertained by this court that misdemeanors may, in the circuit and criminal courts, be prosecuted upon indictment.

The foregoing propositions determine questions presented in this cause. We have not thought it necessary or useful to extend this opinion by entering into a fuller discussion of them. The questions themselves have found their origin in the fact that it seems to have been thought that local legislation could be best accomplished by enactments general in terms and form, though necessarily local in substance and application. It may have been apprehended that there was some constitutional restriction which would be fatal to acts which were in terms local, but which could be evaded by giving them a general form and yet a local application.

It is contended that the indictment should have been

---

*Post,* page 418.

quashed for insufficiency. It charged that the defendant, at, &c., "being over fourteen years of age, on the 13th day of June, 1869, being Sunday, was found unlawfully at common labor, engaged in his usual avocation, to wit, selling and delivering to J. O. two quarts of beer, and receiving from him twenty-five cents in payment therefor," &c., proceeding to negative the exceptions contained in the statute.

Liquor may be sold lawfully, but gambling is always an unlawful act; and hence we think that *The State* v. *Conger*, 14 Ind. 396, is not an authority applicable to the present question.

But it is suggested that there is no averment that selling beer was the usual avocation of the appellant, and *Wetzler* v. *The State*, 18 Ind. 416, is cited. That case decided no question of pleading, though a doubt was expressed as to the sufficiency of the information in that case. We do not entertain that doubt. Courts know judicially, without averment or proof, that selling merchandise is common labor, whether it be cigars as in that case, or beer as in this. It is secular business and was intended to be reached by the statute. *Reynolds* v. *Stevenson*, 4 Ind. 619, and cases there cited.

The evidence was sufficient to warrant a conviction.

Affirmed, with costs.

*E. R. Wilson* and *J. L. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.