Miller *v.* The State.

---

No. 8953.

MILLER *v.* THE STATE.

CRIMINAL LAW.—*Obstructing Highway.—Jurisdiction of Justices of the Peace.*—Under section 3, 2 R. S. 1876, p. 668, justices of the peace have jurisdiction to try offences for obstructing a highway, and adjudging the punishment therefor, provided by section 66, 2 R. S. 1876, p. 479.

SAME.—*Statute Construed.*—Under said section 3, a justice of the peace

has jurisdiction to try cases where fine with discretion to imprison, or where fine *or* imprisonment, but not both, may be adjudged as punishment therein.

SAME.—*Title to Real Estate.*—The jurisdiction of a justice in a criminal case is not ousted by the fact that the title to real estate may incidentally come in issue.

SAME.—*Substitution of Copy for Lost Affidavit.*—Where an affidavit, upon which a defendant was tried before a justice was lost, its place may be supplied on appeal to the circuit court, by the substitution of a new affidavit shown to be an exact copy of the original, and sworn to by the same person.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*S. B. Voyles, H. Morris, D. P. Baldwin,* Attorney General, *F. L. Prow,* Prosecuting Attorney, and *W. W. Thornton,* for the State.

WORDEN, J.—The appellant was prosecuted before a justice of the peace for obstructing a highway, by erecting fences across it. He appealed from the judgment of the justice to the court below, where he was tried, found guilty and fined.

Two questions are presented by the record: First, had the justice jurisdiction of the offence? It is claimed by the appellant that he had not. The penalty for obstructing a highway is a fine not exceeding five hundred dollars, *or* imprisonment not exceeding three months. 2 R. S. 1876, p. 479, sec. 66. It would seem, from the statute, that fine and imprisonment can not be combined as a punishment for the offence, but that one or the other method of punishment must be exclusively adopted.

The 3d section of the act prescribing the powers and duties of justices of the peace in State prosecutions (2 R. S. 1876, p. 668) provides that "Justices shall have exclusive original jurisdiction in all cases where the fine assessed can not exceed three dollars, and concurrent jurisdiction with the court of common pleas to try and determine all cases pun-

Miller v. The State.

ishable by fine only, or by fine with discretion to imprison, and jurisdiction to make examinations in all other cases, and in trials before justices fines to the extent of twenty-five dollars may be assessed; but they shall have no power to adjudge imprisonment as a part of their sentence, except as in this act specially provided."

It seems to us to be clear that the section above quoted, confers jurisdiction upon justices in such case as the present. The language is, "and concurrent jurisdiction * * * * to try and determine all cases punishable by fine only, or by fine with discretion to imprison." The words, "or by fine with discretion to imprison," import clearly enough, that, where fine *and* imprisonment may constitute the punishment, justices have concurrent jurisdiction, though they may not have power to inflict the imprisonment. But the words are not necessarily limited to such case. They are broad enough to cover a case like the present, where a fine may be inflicted, or, in the place of it, imprisonment may be resorted to, as the circumstances may seem to require.

In respect to the jurisdiction of justices, there is no reason for any discrimination between cases where the punishment may be fine *and* imprisonment and those where it is fine *or* imprisonment. In either case, if they deem the punishment they are authorized to assess inadequate to the offence, they must commit or recognize the prisoner to appear before a court competent to inflict adequate punishment. Section 7 of the act above mentioned.

Again, it is urged that, as a general denial was filed to the affidavit, the title to real estate was put in issue, which ousted the jurisdiction of the justice. The evidence is not in the record, and we can not say that the title to real estate was in issue on the trial. Besides, we are of opinion that the jurisdiction of a justice in a criminal case is not ousted by

the fact that the title to real estate may incidentally come in issue in such case.

The second question grows out of the following facts: The original affidavit, on which the proceedings were had before the justice, was duly filed in the office of the clerk of the court below, but during the progress of the cause in that court it became lost, and by proper search could not be found. Before the trial of the cause in the court below, the court permitted the State to substitute a new affidavit in place of the lost one, shown to be an exact copy of the original, and sworn to by the same person; and on the substituted affidavit the defendant was put upon trial. There seems to have been no trouble in procuring an exact copy of the original affidavit, as the justice had copied it upon his docket, and sent it up in his transcript.

We think the court committed no error in permitting the substitution to be made, and putting the appellant upon trial upon the substituted affidavit. 1 Bish. Crim. Proced., sections 1213 and 1214.

The judgment below is affirmed, with costs.

### ON PETITION FOR A REHEARING.

WORDEN, J.—In this case an earnest petition for a rehearing has been filed, claiming that in the original opinion the court erred in holding that the justice of the peace had jurisdiction over the offence of obstructing the highway. It is insisted that because the offence can not be punished by fine *and* imprisonment, but must be punished by one or the other of those methods, the justice had no jurisdiction. The statute, quoted in the original opinion, gives the justice concurrent jurisdiction "to try and determine all cases punishable by fine only, or by fine with discretion to imprison." The subsequent part of the section provides that justices "shall have no power to adjudge imprisonment as a part of

their sentence, except as in this act specially provided;" and we find no provision in the act authorizing justices to adjudge such imprisonment.

The provision above quoted can not, therefore, be construed to give justices jurisdiction in any case where *both fine and* imprisonment must be adjudged as punishment, if there are any such cases.   But the language of the provision is broad enough to cover cases where fine and imprisonment *may be* adjudged as punishment, but where both need not necessarily be resorted to, because in such case there is a discretion whether imprisonment should be adjudged or not.

The language is also broad- enough to cover cases where fine *or* imprisonment, but not both, may be adjudged as punishment, because in such case there is a discretion to forego imprisonment, and punish by fine.   In such case the offence is punishable by fine, with discretion to substitute imprisonment for the fine.

Upon the point of substituting the lost affidavit, the appellant has cited the cases of *Reddington* v. *Hamilton*, 8 Blackf. 62 ; and *Purviance* v. *Drover*, 20 Ind. 238.   Neither of these cases decides that lost papers, necessary to be before the court, can not be supplied.

The petition for a rehearing is overruled.