Carmody *et al. v.* The State.

Filed March 9, 1886.

No. 12,531.

## CARMODY ET AL. *v.* THE STATE.

RECOGNIZANCE.—*Forfeiture.*—*Averments as to Amount of Bail and Officer Taking Same.*—*Uncertainty of Complaint.*—Where, in an action on a forfeited recognizance, the averments of the complaint, as to the officer before whom the recognizance was entered into and as to the amount of bail which had been fixed in the cause, were too uncertain, but such averments, in connection with the copy of the recognizance filed with the complaint and the official endorsements upon it, show that the recognizance was entered into before the sheriff who arrested and had in custody the principal therein, and that the sum of $1,000 was endorsed upon the warrant by the clerk who issued it, such complaint is sufficient on demurrer. Section 1684, R. S. 1881.

SAME.—*Authority of Deputy to Act for Sheriff Presumed.*—*Defence.*—In such case, the authority of a deputy to act for and in the name of the sheriff will be presumed. If in fact he had no authority to so act, it will constitute matter of defence.

SAME.—*Continuing Recognizance.*—*Answer.*—An answer in such case, alleging that the trial court made no order directing the sheriff to take a continuing recognizance, but failing to aver that the principal therein did not *desire* to enter into a continuing recognizance, is insufficient. Section 1713, R. S. 1881.

SAME.—*Presumption of Desire to Execute Recognizance.*—In the absence of allegations of duress or constraint, it will be presumed that the principal and sureties *desired* to enter into the recognizance to which their names are found attached, and the execution of which is admitted.

SAME.—*Order Fixing Bail.*—*Return of Indictment.*—An answer, averring that the trial court did not, on the return of the indictment or at any

Carmody *et al. v.* The State.

time afterwards, fix the amount of bail required of the defendant, but not averring that no such order had been made prior to the return of the indictment, is insufficient.

SAME.—*General Order of Court Fixing Amount of Bail During Term.—Exceptions.—" Discriminating Judgment."*—The right of a party charged with a felony to have a discriminating judgment exercised in determining the amount of bail in his particular case, does not restrain the courts from making a general order fixing the amount of bail which shall be thereafter required during a given term, in certain classes of bailable offences, and from enforcing such an order in all cases, except where the exercise of a discriminating judgment is by some means specially invoked, or some question is made upon the alleged injustice of its operation in a particular case.

SUPREME COURT.—*Judicial Notice.—Terms of Circuit Court.*—The Supreme Court takes judicial notice of the time when the terms of a circuit court begin.

From the Ripley Circuit Court.

*J. G. Berkshire* and *C. H. Willson,* for appellants.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

NIBLACK, C. J.—This was an action by the State against Martin Carmody as principal in, and Christina Wehmeyer and Patrick Carmody as sureties upon, a forfeited recognizance.

Process was not served upon Martin Carmody, and there was no appearance by him to the action. The sureties answered in four paragraphs. Demurrers were sustained to all the paragraphs of answer, and, the sureties refusing to plead further, final judgment was rendered against them for the full penalty of the recognizance.

It is first claimed that the complaint was bad, and that, in consequence, the circuit court erred in sustaining demurrers to the several paragraphs of answer, upon the ground that it is error to sustain a demurrer to any answer to a bad complaint. It is next claimed that all the paragraphs of answer constituted good several defences to the action, and that, for that reason, the demurrers to all of the paragraphs ought to have been overruled.

The complaint charged that the grand jury of Ripley county,

at the September term, 1884, of the Ripley Circuit Court, returned an indictment against Martin Carmody for defalcation; that a warrant was thereupon issued by the clerk of that court to the sheriff of Ripley county for the arrest of the said Carmody; that in pursuance of said warrant said sheriff arrested the said Carmody and took him into his custody; that afterwards, on the 11th day of November, 1884, the said Carmody, together with the said Christina Wehmeyer and Patrick Carmody, entered into a recognizance to the State of Indiana in the penal sum of one thousand dollars, conditioned that the said Martin Carmody should personally appear before the Ripley Circuit Court on the first day of the then next term thereof, and at each succeeding term of said court thereafter, to answer a charge of defalcation, and abide the order of court until said cause was determined, and not depart thence without leave; that said sheriff had full power and authority in that behalf; that said sum of one thousand dollars was endorsed on said warrant so issued to the said sheriff; that on the 5th day of December, 1884, being the seventeenth judicial day of the November term of the Ripley Circuit Court of that year, the said Martin Carmody was called to answer said charge of defalcation, but therein made default. Whereupon the recognizance entered into for his appearance, as above stated, was adjudged and declared to be forfeited.

The copy of the recognizance filed with the complaint had attached to it the following: " Taken and approved this 11th day of November, 1884. Thomas L. Hughes, Sheriff, by J. H. Borgstead, deputy."

The objections urged against the sufficiency of the complaint are:

*First.* That there was no averment that the amount of bail was fixed by either the Ripley Circuit Court or by the judge of that court.

*Secondly.* That it was not averred that the recognizance was entered into before the sheriff.

*Thirdly.* That, conceding that the *addenda* attached to the recognizance supplied that omission, there was nothing from which Borgstead's authority to act as deputy for the sheriff could be inferred.

Section 1684, R. S. 1881, provides that "The court, on the first day of each term, must order the amount in which persons charged by an indictment or information are to be held to bail; and the clerk must enter such order on the order-book, and he must endorse the amount on each warrant when issued. The order may apply to informations to be filed in vacation. If no order fixing the amount of bail have been made, the sheriff may present the warrant to the judge of the circuit or criminal court, and such judge must thereupon endorse the amount of bail to be required," etc.

As regards the officer before whom the recognizance was entered into, and as to the amount of bail which had been fixed in the cause, the averments of the complaint were too uncertain to meet the requirements of good pleading, but, taking into consideration all the averments of the complaint, in connection with the copy of the recognizance with the official endorsements upon it, we think the fair inference was, and still is, that the recognizance was entered into before, and taken by, the sheriff, who arrested and had Martin Carmody in custody, and that the sum of one thousand dollars, endorsed upon the warrant, was endorsed upon it by the clerk who issued the warrant and indicated the amount of bail which had been properly fixed in the cause.

In a case like this, the authority of the deputy to act for, and in the name of, the sheriff, will be presumed, and if, in fact, he had no authority to so act, that circumstance constitutes a matter of defence. *Patterson* v. *State*, 10 Ind. 296.

We regard the complaint as having been substantially sufficient upon demurrer.

The recognizance in this case was what the statute denominates a "continuing recognizance," and the first paragraph of the answer averred that the Ripley Circuit Court made

no order directing the sheriff to take such a recognizance. It failed to aver, however, that Martin Carmody did not desire to enter into a continuing recognizance, and for that reason, at least, the paragraph was insufficient as a defence. See section 1713, R. S. 1881.

The second paragraph averred that there was no order of court directing the sheriff to take a continuing recognizance, and that no desire on the part of Martin Carmody to execute such a recognizance was made known to the sheriff at the time the recognizance sued on was entered into. But there was no averment that the parties did not voluntarily consent to the execution of the recognizance into which they entered, and in the absence of an averment of duress or constraint, it will be presumed that Martin Carmody, as well as his co-obligors, desired to enter into the recognizance, to which their names are found attached, and the execution of which is admitted. *Harbaugh* v. *Albertson*, 102 Ind. 69.

The third paragraph set up the same matters contained in the second, with the additional allegations that the indictment upon which the warrant was issued was returned on the 20th day of September, 1884, and that, at no time after that date, did either the Ripley Circuit Court, or the judge thereof, fix the amount of bail which should be required of the defendant, Martin Carmody, for his appearance to answer said indictment.

We take judicial notice of the fact that the term of the Ripley Circuit Court, at which the indictment was returned, began on Monday the 1st day of September, 1884. Some order may, therefore, have been made previous to the return of the indictment, which had the effect of fixing the amount of bail to be required in that case. For this reason the paragraph was bad for not averring that no previous order had been made which fixed the amount of bail upon the indictment in question.

The fourth paragraph alleged that the Ripley Circuit Court,

on the first day of its September term, 1884, made and caused to be entered of record an order as follows:

"Ordered that until the commencement of the next term of this court, in all felonies under the grade of murder in the second degree, and above petit larceny, the bail shall be one thousand dollars. In cases of petit larceny, three hundred dollars. Misdemeanors punishable by fine and imprisonment, two hundred dollars. Misdemeanors punishable by fine only, one hundred dollars. Bastardy, five hundred dollars."

That the indictment against Martin Carmody was not returned into court until the 20th day of September, 1884; that thereafter no order of bail in reference or as applicable to that particular indictment was made; that the clerk, who issued the warrant for the arrest of Martin Carmody, endorsed one thousand dollars on said warrant as the amount of bail required, upon the assumption that he was authorized to do so by the general order fixing the amount of bail herein set out, and not otherwise.

It is argued that a general order fixing the amount of bail can not be made applicable to indictments thereafter to be returned; that the constitutional inhibition against requiring excessive bail necessarily involves an inquiry into the attending circumstances and peculiarities of each particular case, with reference to the amount of bail which ought to be required, and that the necessity of such an inquiry excludes the idea that a general order may be made in advance fixing the amount of bail in all of a particular class of cases at a uniform sum.

Cooley, in his treatise on Constitutional Limitations, at page 378, 5th edition, says: "That bail is reasonable which, in view of the nature of the offence, the penalty which the law attaches to it, and the probabilities that guilt will be established on the trial, seems no more than sufficient to secure the party's attendance. In determining this, some regard should be had to the prisoner's pecuniary circumstances; that which is reasonable bail to a man of wealth being equivalent

to a denial of right if exacted of a poor man charged with the like offence."

The doctrine of this extract, and the consequent right of a party charged to have a discriminating judgment exercised in determining the amount of bail which ought to be exacted in his particular case, were argumentatively and generally recognized in the case of *Gregory* v. *State, ex rel.,* 94 Ind. 384 (48 Am. R. 162), but the right thus recognized does not restrain the courts from making a general order fixing the amount of bail which shall be thereafter required during a given term, in certain classes of bailable offences, and from enforcing such an order in all cases, except where the exercise of a discriminating judgment is, by some means, specially invoked, or some question is made upon the alleged injustice of its operation in a particular case. *Votaw* v. *State,* 12 Ind. 497; *Myers* v. *State,* 19 Ind. 127; *Hawkins* v. *State, ex rel.,* 24 Ind. 288; *Gachenheimer* v. *State,* 28 Ind. 91.

The judgment is affirmed, with costs.

