Filed March 24, 1886.

----------◆----------

No. 12,797.

## SMALL v. THE STATE.

CRIMINAL LAW.—*Lost Affidavit.*—*Substitution.*—*Presumption.*—In a criminal case appealed to the circuit court from the judgment of a justice of the peace, where it appears to the satisfaction of the court that the affidavit is lost, a substituted affidavit may be filed, and it will be presumed, in the absence of a showing, that such substituted paper is a correct copy of the original.

From the Dearborn Circuit Court.

*O. F. Roberts,* for appellant.

*R. E. Slater,* Prosecuting Attorney, *F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The bill of exceptions filed in this case recites that, " On the 15th day of September, 1885, that being the eighth judicial day of the September term of the Dearborn Circuit Court, the above entitled cause was called for trial, the said defendant then being present in court, and it being made to appear to the satisfaction of the court, after diligent search was made for the same, that the original affidavit on which the said defendant was arrested and tried before

Will A. Greer, a justice of the peace of Center township, Dearborn county, in the State of Indiana, has been lost or mislaid since the transcript was filed in this court, so that the same can not be found, and that said affidavit has not been, and is not, recorded and certified, and there is no copy thereof in the record of this cause, or in existence, that can be obtained, on which to try the defendant, or from which a true, substituted copy can be made, and that the defendant, on being arraigned before said justice, for plea said he was not guilty. Thereupon the prosecuting attorney, Robert E. Slater, over the objection of the defendant, moved this court for leave to file a substituted affidavit instead of the original affidavit so lost or mislaid as aforesaid, which motion the court sustains, and to which rulings of the court the defendant at the time objected and excepted."

In our opinion no error was committed by the trial court. In the absence of countervailing facts, we must presume that the prosecuting attorney, as a public officer, performed his duty, and did not file an affidavit different from the one filed before the justice. If it should be held that an affidavit can not be substituted, a way would be opened for great abuses, for it would not be difficult to put an end to prosecutions by purloining the affidavits upon which they were founded.

The question in the case did not arise upon the form of the affidavit, but upon the plea of not guilty, and the issue was, therefore, not upon the form of the charge, so that the question did not turn upon the manner in which the charge was preferred.

We understand the case of *Miller* v. *State,* 72 Ind. 421, to decide that a party may be tried upon a substituted affidavit. It is true that it is said in that case, that the substituted affidavit must be a true copy of the original, but that does not affect the question here presented, for the presumption is, as we have said, that the copy is a true one. The case referred to was decided against the contention of the appellant, that he could not be tried on a substituted affidavit, but it was not

held that the court would not presume that the substituted affidavit was not a correct copy of the original.

Judgment affirmed.

Filed March 25, 1886.