## STEVENS v. ANDERSON.

[No. 17,757.   Filed June 11, 1896.]

POLICE COURT.— *Jurisdiction.*— *Petit Larceny.*— *Indianapolis City Charter.*—*Statute Construed.*— Sections 3887–3891, Burns' R. S. 1894, as amended by the Act of 1895, p. 90 (Indianapolis City Charter, sections 116–120), conferring upon the police judge original concurrent jurisdiction with the criminal courts in all cases of petit larceny, and all other violations of the laws of the State where the penalty provided therefor cannot exceed a fine of $500.00 and imprisonment not exceeding six months, is valid.

SAME.—*Jurisdiction.*—*Criminal Law.*—*Indianapolis City Charter.*— *Statute Construed.*—The jurisdiction of the police court, authorized by section 118 of the Indianapolis City Charter, empowering it to impose a fine and imprisonment, is not affected by the fact that the general statute fixes the punishment for petit larceny at imprisonment, fine and disfranchisement.

SAME.—*Right of Trial by Jury* —*Constitutional Law.*—The right of trial by jury guaranteed by the constitution, is not violated by the statute empowering the police judge, in case he shall deem the punishment he is authorized to assess, inadequate for the offense, to hold the prisoner to bail for appearance before the proper court.

CONSTITUTIONAL LAW.—*Special Acts.*—*Courts of Inferior Jurisdiction.*—The constitution does not prohibit special acts creating courts of inferior jurisdiction.

From the Marion Superior Court.   *Affirmed.*

*Harding & Hovey,* for appellant.

HOWARD, J.—By the judgment of the police court of the city of Indianapolis, the appellant was convicted of the crime of petit larceny, was fined $25.00, and sentenced to the Marion County workhouse for thirty days.   Thereupon he began this action by filing in the Marion Superior Court his petition for a writ of habeas corpus, alleging that the judge of the police court had no authority to try him for the offense charged, or to fine or commit him therefor.

The court, on hearing the evidence, found that the appellant was lawfully in custody of the appellee, as

superintendent of the workhouse, and remanded him to undergo his sentence.

In appellant's exceptions to the superintendent's return to the writ, which exceptions were overruled by the court, the contention was that the police judge had "no jurisdiction to try and determine a case of petit larceny."

Appellee has not furnished us with a brief, as we think was his duty, both to the trial court and to this court, as well as to himself. *Walls* v. *State, ex rel. Aud.,* 140 Ind. 16.

The provisions of the statute under which the judge of the police court assumed to exercise jurisdiction in the case are found in sections 116-120, of the Indianapolis city charter (section 3887-3891, R. S. 1894; Acts of 1891, 137) including also the amendment made in 1895 to section 118 of the charter, Acts, 1895, 90.

In section 118, as amended, the jurisdiction of the judge of the police court is declared as follows:

"He shall have and exercise within such county in which such city is located the powers and jurisdiction now or hereafter conferred upon justices of the peace in all crimes and misdemeanors except as otherwise herein provided. He shall have and exercise within such city the powers and jurisdiction now conferred upon mayors except as herein otherwise provided. He shall have exclusive jurisdiction of all violations of the ordinances of such city. He shall also have original concurrent jurisdiction with the criminal courts in all cases of petit larceny and all other violations of the laws of the State where the penalty provided therefor cannot exceed a fine of five hundred ($500.00) dollars and imprisonment not exceeding six months, or either or both: *Provided,* That such Police

Judge, in all such cases of petit larceny, if he find the prisoner guilty, shall assess his punishment; or, if, in the opinion of such Police Judge, the punishment he is authorized to assess is not adequate to the offense he may so find, and in such case the Police Judge shall hold such prisoner to bail for his appearance before the proper court, or commit him to jail in default of such bail."

By section 119 of the charter (section 3890, Burns' R. S. 1894), the penalties that may be imposed in the police court for the violation of any law or ordinance are fixed as follows: "The court or jury shall have power to assess a fine in any sum not exceeding five hundred ($500.00) dollars, or adjudge imprisonment as a part of the sentence for any time not exceeding six months in the county jail, workhouse or other lawfully designated place of confinement, either or both."

There can be no doubt that under the foregoing sections of the statute, if valid, the police court had power to try the appellant for petit larceny, and, on conviction, to inflict upon him the fine and imprisonment set out in the record. Van Fleet Coll. Att., sections 200, 224, and cases there cited.

By section 1706, Burns' R. S. 1894 (section 1637, R. S. 1881), justices of the peace, in criminal cases, are given jurisdiction co-extensive with their respective counties; this jurisdiction is exclusive where the fine can not exceed $3.00, and is concurrent with the criminal court and circuit court in cases of misdemeanor punishable by fine only. But they have no power to adjudge imprisonment as a part of their sentence, except as specially provided. Under this section it has been decided that while a justice of the peace has no power to imprison as a part of his sentence, yet, in cases where the punishment provided by statute may be fine and imprisonment the justice has jurisdiction to

try the case. *Miller* v. *State*, 72 Ind. 421; *State* v. *Creek*, 78 Ind. 139.

By section 3497, R. S. 1894 (section 3062, R. S. 1881), the mayor of a city, within the limits of such city, is given the jurisdiction and powers of a justice of the peace in all matters, civil and criminal, arising under the laws of the State; and for crimes and misdemeanors his jurisdiction is made co-extensive with the county. And, in addition, it is provided "that, in trials before him, he shall have power to adjudge imprisonment as a part of his sentence, not exceeding thirty days in the city or county prison." See *State, ex rel.*, v. *Wolever*, 127 Ind. 306.

By section 2007, R. S. 1894 (section 1934, R. S. 1881), it is provided, that the punishment for petit larceny shall be imprisonment in the State prison, with fine and disfranchisement; or that it may be imprisonment in the county jail for not more than one year, a fine not exceeding $500.00, and disfranchisement for any determinate period.

By section 1642, R. S. 1894 (section 1573, R. S. 1881), all crimes punishable with death or imprisonment in the State prison are defined to be felonies; while other offenses against the criminal law are denominated misdemeanors. Under this section of the statute petit larceny is held to be a felony. *Short* v. *State*, 63 Ind. 376.

It has frequently been decided that, under the foregoing statutes, justices of the peace have no power to try a party charged with a felony, but can only examine and hold him to bail, or, in default of bail, commit him to jail to await trial in the proper court. *Hawkins* v. *State, ex rel. Aud.*, 24 Ind. 288; *State* v. *Morgan*, 62 Ind. 35; *State* v. *Hattabough*, 66 Ind. 223; *Siebert* v. *State*, 95 Ind. 471.

The decisions in these cases, however, are expressly

placed upon the ground as stated in *State* v. *Odell*, 8 Blackf. 396, that "The only judicial powers possessed by justices of the peace in this State, are those conferred by the statute concerning their powers and duties, and it is necessary that they should confine themselves strictly to the exercise of such powers as are therein granted."

As the punishment for petit larceny may be confinement in the county jail, with fine and disfranchisement, it is not clear, if the statute authorized justices of the peace to make such imprisonment and disfranchisement a part of their sentence, why they would not have jurisdiction to try a person charged with that crime.

Section 3497, R. S. 1894 (section 3062, R. S. 1881), as we have seen, does confer upon mayors of cities, in addition to the jurisdiction of justices of the peace, "the power to imprison, as a part of the punishment, for offenses against the law." This power they exercise as officers administering the laws of the State. The statute giving to mayors this power to imprison as a part of the sentence for a violation of law has been held constitutional. *Waldo* v. *Wallace*, 12 Ind. 569; Schroeder's McDonald's Treatise, Chap. 69, section 1.

In the statute before us the legislature has likewise given to the police court power to assess as punishment for a violation of the law, in addition to a fine, also imprisonment in the county jail or workhouse for a time not exceeding six months; and this power is made to apply in particular to the offense of petit larcency. But, with the statute held constitutional which gives to mayors the power to imprison, we are unable to see that the police judges, who simply take the place of mayors in city courts, may not also have given to them like power to imprison as a part of their

sentence for a violation of the laws of the State. The good government of a large city requires that petty crimes should be punished without unnecessary delay. Such authority on the part of the police judge seems particularly fitting when it is considered that the punishment inflicted is less than that otherwise provided for in the ordinary administration of the law, the punishment being rather preventive in its character, and saving the culprit from the ignominy and debasing associations of confinement in the State's prison.

Neither do we think the circumstance, that because the statute fixes, as one punishment for petit larceny, imprisonment in the county jail, fine, and disfranchisement, while the police court is authorized to impose a fine and imprisonment only, militates against the jurisdiction of such court. It is provided that if the police judge shall be of opinion that the punishment which he is authorized to inflict is not adequate he may so find and recognize the prisoner to a higher court. Similar power is given to a justice of the peace. That magistrate has jurisdiction to impose a fine not to exceed $25.00. The punishment fixed for assault is a fine not to exceed $50.00; and for assault and battery a fine not to exceed $1,000.00. Yet it has never been contended that, in case a justice of the peace finds a person guilty of assault, or assault and battery, and adjudges his punishment for either offense in a fine less than $25.00, the jurisdiction of the justice is thereby defeated or called in question. The crime of petit larceny, like that of assault; or assault and battery, while retaining the same name, may yet be of various degrees of guilt, and so deserving of different grades of punishment. The fact that one court may be authorized to impose a greater, and another a less punishment, does not show that either court is without jurisdiction; but rather that one

court has jurisdiction of one grade of the offense and the other of a different grade. The police court is especially set up to try petty violations of the law; and it is but right and proper that the legislature should have conferred upon this court, as it has upon that of the justice of the peace, jurisdiction to impose only the lesser degrees of punishment, in accordance with the character of the offense that will generally be brought before that court. Should the judge be of opinion that the degree of guilt is such that a greater punishment should be imposed than he is authorized to adjudge, then the statute points out the means of securing this more adequate punishment by sending the culprit to a court of higher jurisdiction. We are unable to see why this should deprive the inferior court of its own lesser jurisdiction; its own power to try the lower degree of crime, and affix the milder form of punishment.

It is also thought by counsel that the act must be invalid, if for no other reason, because by it the judge is given the right to say whether the penalty which he is authorized to impose is adequate to the offense committed; thus, as contended, depriving the accused of the right to a trial by jury, as guaranteed by Art. 1, section 13, of the constitution. This power to pronounce upon the adequacy of the sentence which he is authorized to adjudge is, however, as we have seen, also entrusted to the justice of the peace. But in neither case is the defendant deprived of his constitutional right to a trial by jury. The jurisdiction of the court is changed, but whether the accused be tried in a justice court, a police court, a criminal court, or a circuit court, the right to a jury trial remains inviolate.

The legislature, in creating a court, or in regulating the procedure of a court, rightfully, and even neces-

sarily, entrusts many matters of detail to the sound discretion of the judge. To determine the question of its own jurisdiction is a necessary function of every court to be exercised before it assumes to try any case; and that the legislature should, in this act, have provided that the judge should try the case brought before him, unless, in his opinion, the punishment which he is authorized to assess should be inadequate to the offense, is not, in any manner, unusual or improper.

Indeed, the creation of this police court is but an exercise by the legislature of power long recognized as valid in the organization of inferior courts. In *Clem* v. *State*, 33 Ind. 418, in considering the validity of the act for the establishment of the Marion Criminal Court, it was held that for the creation of courts inferior to the circuit court, the legislature has power to pass laws local to one or more counties whose circumstances may so require, where such laws, if of uniform operation throughout the State, would be elsewhere mischievous, useless, or burdensome. And in other cases it has been frequently decided that the constitution does not prohibit special acts creating courts of inferior jurisdiction. *Combs* v. *State*, 26 Ind. 98; *Anderson* v. *State*, 28 Ind. 22; *Eitel* v. *State*, 33 Ind. 201; *Wiles* v. *State*, 33 Ind. 206; *Vickery* v. *Chase*, 50 Ind. 461; *Mode* v. *Beasley*, 143 Ind. 306.

In our opinion, the provisions of the Indianapolis city charter for the creation of a police court are in all respects valid; and the judgment of that court, here assailed, was rightfully upheld in the superior court.

Judgment affirmed.