STATE OF INDIANA ON RELATION OF BARTLEY *v.* THE MARION CIRCUIT COURT, CLAYCOMBE, JUDGE.

[No. 29,333. Filed March 13, 1956.]

*Andrew Jacobs* and *Joseph T. Mazelin*, of Indianapolis, for relator.

*Murray, Mannon, Fairchild & Stewart*, of Indianapolis, for respondent.

ARTERBURN, J.—The petitioner applied in the Supreme Court for a writ of prohibition against the Judge of the Marion Circuit Court assuming jurisdiction of certain criminal charges against the petitioner. The petitioner was charged in the Magistrates Court of Marion County in three counts, (1) driving while under the influence of intoxicating liquor; (2) public intoxication; and (3) reckless driving. He pleaded not guilty on each count and demanded a jury trial under the provisions of Acts 1939, ch. 164, §6, p. 753, being §4-3806 (c), Burns' 1946 Replacement, which provides as follows:

> "(c) No jury trials shall be held in the magistrates court. If a defendant upon arraignment demands a jury trial, the magistrate shall hold such defendant to bail for his appearance before the circuit court or before another court in such county providing jury trial in such cases, or shall commit

the defendant to jail in default of such bail for delivery to the proper authorities for such court."

He was accordingly bound over to the Marion Circuit Court for trial. His bond at the time was fixed in the Magistrates Court on each of the counts at $75.00, $15.00, and $10.00 respectively for his appearance in the Marion Circuit Court.

The Marion Circuit Court prior to the above proceedings had made a blanket order for bail, omitting caption and signature, as follows:

"It is hereby ordered, effective this date, that on appeals froam the Criminal Municipal Courts of Marion County, Indiana, and from the Magistrates Courts of Marion County, Indiana, the total penalty of the appeal bond or bonds shall be not less than the sum of FIVE HUNDRED DOLLARS ($500.00), and on transfer of the causes from the Magistrates Courts to the Circuit Court, for the trial by jury, the total penalty on the bond or bonds required therefor shall be not less than ONE THOUSAND DOLLARS ($1,000.00) (SEAL.)

"If any case reaches the Circuit Court, without the bonds complying with the foregoing paragraph, the Court will immediately order the bonds increased to the required amount, and order the rearrest of the defendant and that he be held in the County Jail until such order is complied with."

The petitioner applied for a temporary writ of prohibition out of this court and the same was issued on September 12, 1955. The petitioner contends, (1) that §4-3806(c), Burns' 1946 Replacement, *supra*, creating the Magistrates Court, is unconstitutional in that it deprives persons charged with a crime of a jury trial in such court; (2) that the blanket order of the Marion Circuit Court for bail is arbitrary and results in and places an added burden on the petitioner, in order to secure a jury trial; (3) that the Marion Circuit Court

has no jurisdiction to try this case on transfer or appeal under the statutes.

We take up these points in the order named.

1. The constitutionality of the act creating the Magistrates Court has been before this court and its constitutionality was upheld in the case of *Petition for Appointment of Magistrates* (1940), 216 Ind. 417, 24 N. E. 2d 773. Although the provision in the act with reference to the transferring of the case to another court when a jury trial is demanded in the Magistrates Court, was not given the fullest consideration in that opinion, we nevertheless believe the point was properly determined.

While the right to a jury trial is carefully protected, the legislature may make reasonable regulations and conditions as to how the rights should be exercised. A requirement that the defendant give bail for appearance at a jury term of court, or before a higher court, if, in the opinion of the magistrate or justice of peace, the punishment which he is authorized to assess is inadequate, is not an unreasonable requirement. *Stevens* v. *Anderson* (1896), 145 Ind. 304, 44 N. E. 460; *State* v. *M'Cory* (1826), 2 Blackf. 5. This is likewise true in a civil proceeding where a claimant is not entitled to a trial before a board of county commissioners, but if he desires one, he is compelled to appeal to the Circuit Court. *Maxwell* v. *Board of Commissioners Fulton County* (1889), 119 Ind. 20, 19 N. E. 617, 21 N. E. 453.

The general principle involved in this matter is stated as follows:

"Where the right of trial by jury in criminal cases is secured by allowing an appeal to a court where a jury trial can be had, the right of appeal cannot be restricted by conditions which materially

impair the right; but the legislature may regulate how the appeal shall be taken and prescribe any conditions as long as they are reasonable, and a failure to comply with such a regulation is a waiver of the right to a jury trial. It is not an unreasonable restriction on the right of appeal to require defendant to give a recognizance for his appearance in the appellate court, unless he is denied the alternative of being committed, or to pay the necessary fees for taking and perfecting the appeal, to procure at his own expense copies of the proceedings necessary for taking the appeal, to pay the accrued costs, or to give a bond for such costs as may be adjudged against him." 50 C. J. S., Juries, §120, p. 837.

The Magistrates Court was especially set up to try petty violations and expedite the disposition of such matters for the benefit of all parties concerned. If the defendant does not desire such unusually prompt disposition of his case he is still given his constitutional privileges of a jury trial by asking for it. We do not feel that a defendant's constitutional rights are infringed upon in this case, since in every case where any jury trial is requested there must be some delay in making the arrangements for it.

2. In the statute creating the Magistrates Court, provision is made for the Circuit Court of the county "to make and adopt rules for conducting the business of the court, not repugnant to the laws of this state." Acts 1939, ch. 164, §5, p. 753, being §4-3805, Burns' 1946 Replacement. It would seem, therefore, that a blanket rule for bonds applicable to the Magistrates Court, as made in this case, is authorized. Although a general order fixing bail or bond in criminal cases may be made by a court, a defendant always has the right to ask for a discriminatory judgment or reconsideration of the amount of bond. *Carmody et al.* v. *The*

*State* (1886), 105 Ind. 546, 5 N. E. 679. There is no showing here that the defendant ever made such application. The record further shows that the bonds given in this case in the Magistrates Court are not excessive. We, therefore, find no merit in the contention of the petitioner in this particular, since he has no reason to object to the amount of the present bonds; nor has he exhausted his remedy by application to the court for special or discriminatory consideration.

3. The relator further contends that the Marion Circuit Court does not have jurisdiction to try this cause, either by appeal from the Magistrates Court or by reason of transfer upon demand for a jury trial. When the legislature created the Criminal Court it provided for a transfer of all criminal cases from the Circuit Court to the Criminal Court with the apparent intention of relieving the Circuit Court of the trial of criminal cases of which it has original jurisdiction. The legislature provided, however, that the Circuit Court could order criminal cases transferred from the Criminal Court to the Circuit Court to relieve a congested docket in the Criminal Court. §§4-2305—4-2307, inclusive, Burns' 1946 Replacement.

> "Such criminal court shall have original exclusive jurisdiction within the county, of all crimes and misdemeanors, except where jurisdiction is by law conferred on justices of the peace, and such appellate jurisdiction in criminal cases as may, by law, belong to the circuit court in the counties having no criminal court." Acts 1881 (Spec. Sess.), ch. 34, §4, p. 111, being §4-2304, Burns' 1946 Replacement.

With reference to appeals from the Magistrates Court the original statute provided:

> "An appeal may be taken to the circuit court of the county, in the same manner and with the same

effect as is provided by law for appeals from justices of the peace." Acts 1939, ch. 164, §6, p. 753, being §4-3806(f), Burns' 1946 Replacement.

However, in 1945, the act providing for appeals from justices of the peace was amended by the insertion and the inclusion therein of the Magistrates Court and the statute, after amendment, reads as follows:

"Any prisoner, against whom any punishment is adjudged by a justice of peace, mayor or judge of a city court, municipal court or *magistrates court*, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten [10] days after such judgment." (Our italics.) Acts 1905, ch. 169, §81, p. 584; 1927, ch. 132, § 1, p. 411; 1945, ch. 234, §1, p. 1081, being §9-721, Burns' 1953 Supplement.

It, therefore, is plain that all appeals of criminal cases from a Magistrates Court in Marion County must be taken to the Criminal Court and not to the Circuit Court under the Acts of 1945.

With reference to transfers where a jury trial is demanded in the Magistrates Court, the statute (§4-3806 (c)) must be construed with that referred to above (§4-2305) which provides for the transfer of all criminal cases from the Circuit Court and the trial of such cases, of which the Circuit Court had original jurisdiction, in the Criminal Courts. It is apparent in reading this statute, the intention is to provide for the transfer of such cases to the Circuit Court in counties where there are no Criminal Courts, and to the Criminal Courts where they are given the jurisdiction of the criminal cases originally held by the Circuit Courts. Our opinion is that the Marion Circuit Court does not have jurisdiction to try criminal cases which are appealed from, or transferred from a Magistrates Court where a jury trial has been demanded.

For the reason that the temporary writ originally issued does not conform to the scope of this opinion it is amended to prohibit the Marion Circuit Court from entertaining jurisdiction of the criminal case of *State of Indiana* v. *Robert D. Bartley,* No. 1-4153, attempted to be appealed or transferred from the Magistrates Court of Marion County where a jury trial is demanded to said Marion Circuit Court. Said writ, as amended, is made permanent.

Bobbitt, C. J., Emmert, Achor and Landis, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 703.