STATE EX REL. CITY OF INDIANAPOLIS *v.* CRIMINAL COURT
OF MARION COUNTY, SALB, JUDGE, ETC.

[No. 29,820.  Filed November 5, 1959.]

*Michael B. Reddington,* Corporation Counsel, *John J. Dillon,* City Attorney, and *William J. Wood,* Assistant City Attorney, all of Indianapolis, for relator.

*John G. McNutt,* of Indianapolis, for respondent.

ACHOR, C. J.—Relator herein asks that the respondent be prohibited from assuming jurisdiction in the cause of City of Indianapolis vs. Arthur Douglas, No. C-R 20133Y on appeal from the Municipal Court of Marion County, Room No. 6, in which cause the defendant was found guilty of violating a municipal traffic ordinance of the City of Indianapolis and a fine imposed.

The cause was originally certified from the Municipal Court to the Circuit Court of Marion County. The Circuit Court in turn certified the cause to the respondent court on the theory that the respondent court, and not the Circuit Court, had jurisdiction of the cause on appeal. Thus the question herein presented is whether a conviction under a municipal traffic ordinance, had in the Municipal Court of Marion County, is appealable to the Circuit or Criminal Court of Marion County. The answer to this question must be resolved by a construction of the various statutes affecting the appeal of various types of cases from various courts to the Circuit and Criminal Courts of Marion County.

The basic statute which controls the matter of appeals from the Municipal Court of Marion County provides in part:

". . . Appeals from judgments for violation of ordinances of cities, towns, or other municipalities shall be taken only to the circuit court of said county. . . ." §4-2511, Burns' 1946 Repl. [Acts 1945, ch. 296, §1, p. 1287.]

Upon cursory examination of the statute, it would seem that the issue is resolved by the express language which directs that ordinance violation appeals be taken to the circuit court. However, it is asserted by respondent that, on the basis of the recent Appellate Court opinion in *Biedinger* v. *City of East Chicago* (1958), 129 Ind. App. 42, 154 N. E. 2d 58, and upon the language of §9-721, Burns' 1956 Repl. [Acts 1945, ch. 234, §1, p. 1081], appeals from city ordinances which are criminal in nature and are tried in the Municipal Court of Marion County, must be appealed to the Criminal Court of Marion County, and not to the Circuit Court thereof.

We therefore analyze the Biedinger case, *supra,* as related to the present factual situation. The Biedinger case involved an appeal from a judgment of the City Court of East Chicago, convicting the appellant of violating a city ordinance. Appellant appealed to the Lake Circuit Court pursuant to provisions of §4-2702, Burns' 1946 Repl. [Acts 1921, ch. 215, §2, p. 587], relating to jurisdiction and appeals in city courts in second class cities, such as East Chicago. The Lake Circuit Court dismissed the appeal for want of jurisdiction. The Appellate Court, through Pfaff, C. J., upheld the ruling of the Circuit Court. In support of this decision the opinion holds that the action was criminal in nature. It then cites the fact that §4-2702, *supra,* excepts criminal appeals from its operation. Therefore, the opinion holds that the procedure of appeal is controlled by the provisions of §4-2403, relating to criminal appeals from city courts generally. This section of the statute provides that appeals from criminal prosecutions in the city courts shall be taken ". . . in the same manner as provided by law for appeals from justices of the peace. . . ." This, in turn, brings the case within the purview of §9-721, *supra,* which makes criminal convictions generally in courts of limited jurisdiction, such as justices of the peace, city, magistrate or municipal courts, appealable to the criminal court of those counties having such a court.

In the Biedinger case, *supra,* it was necessary for the Appellate Court to determine whether the city ordinance case involved therein was civil or criminal in nature, since the several statutes which control procedure and appeals from that court distinguish between civil and criminal cases. Section 4-2702 and §9-721, *supra.* Thus the civil-criminal dichotomy of these statutes becomes crucial in disposing of an ordinance appeal

to the proper court, circuit or criminal, depending on the nature of the case.

The situation is quite different in regard to the Municipal Court of Marion County. Here the statute which relates specially to said court, expressly provides for the appeal of civil cases to the Appellate Court, the appeal of criminal cases to the Criminal Court and the appeal of municipal ordinance cases to the Circuit Court. Sections 4-2510, 4-2511, Burns' 1946 Repl. Thus, here the distinction between civil actions and criminal prosecutions under a city ordinance is not pertinent to a decision in this case. Rather we are here governed by the statute, which directs that criminal appeals be taken to the criminal court of the county,[1] but further expressly provides that the appeal of *municipal ordinances,* which are treated in the act as a separate class of cases, ". . . shall [without exception] be taken only to the circuit court . . ." Section 4-2511, *supra.*

We conclude therefore that the respondent is without jurisdiction to consider the appeal in the case of City of Indianapolis vs. Arthur Douglas, Cause No. C-R 20133Y in the Municipal Court of Marion County, Room No. 6, and that appeal in said cause must be had to the Circuit Court of Marion County.

The petition for writ of prohibition as herein prayed is granted, and the writ is ordered issued.

Arterburn, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 162 N. E. 2d 83.

---

1. See *State ex rel. Bartley* v. *Marion C. C.* (1956), 235 Ind. 226, 132 N. E. 2d 703.